COMMONWEALTH *vs.* NATIONAL CONTRACTING COMPANY & another.

Suffolk.    December 10, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Practice, Civil*, Report, Amendment.

In an action at law, a judge of the Superior Court or a single justice of this court has no authority to report for determination by this court a question of fact or a question of discretion.

Under R. L. c. 173, § 48, amendments in an action at law may be allowed "which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought," and by § 121 of the same chapter "the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action."

It is no objection to the allowance of an amendment to a declaration in an action at law, that the motion to amend is made after a rescript has been sent down by this court sustaining exceptions of the defendant taken at a trial of the case, and that the new counts sought to be added by the amendment state the liability differently from the way in which it was stated in the original declaration.

CONTRACT upon a bond in the sum of $50,000 conditioned upon the performance by the defendant National Contracting Company of a certain contract, the other defendant, the National Surety Company, being the surety on the bond. Writ dated December 8, 1903.

The case was tried before *De Courcy*, J., who, after submitting a question to the jury and receiving their answer, ordered a verdict for the plaintiff. The defendants alleged exceptions, which were sustained by this court in a decision reported in 198 Mass. 554.

After that decision and the issuing of the rescript in accord-

ance therewith, the plaintiff moved to amend its declaration, which consisted of a single count, by adding four additional counts, each alleging a breach of the bond declared upon. An affidavit of Henry H. Sprague, Esquire, the chairman of the metropolitan water and sewerage board of the Commonwealth, was filed in support of the motion to amend, stating that the cause of action relied on by the affiant and the other members of the board in behalf of the Commonwealth when the action was commenced consisted of all the breaches of the contract and of the bond by the National Contracting Company and the National Surety Company, including certain breaches described in the affidavit. The defendants also presented certain affidavits.

The motion to amend was heard by *Richardson,* J., who allowed it, reserving the question of costs, but, being of opinion that the question of allowing the plaintiff's motion to amend its declaration ought to be determined by the full court before further proceedings in the Superior Court, at the request of the defendants and with the consent of the plaintiff, he reported the question of allowing the amendment for determination by this court.

*D. Malone,* Attorney General, *& J. F. Curtis,* Assistant Attorney General, for the Commonwealth.

*F. W. Grinnell,* for the defendants.

KNOWLTON, C. J. In this case the judge of the Superior Court allowed the plaintiff's motion to amend the declaration by adding four new counts, and reported to this court the question whether the amendment was rightly allowed.

It is difficult to discover any question of law upon the record. As this is an action at common law, neither party can bring to this court for revision, either by exception or upon a report of the judge, any question which is not strictly a question of law. This court has no jurisdiction in such a case to change a decision of the lower court upon a question of fact. Questions of discretion are, in their essence, questions of fact, and in an action at common law a judge of the Superior Court or a single justice of this court has no authority under the statute to report to this court a question of fact or a question of discretion. *Electric Welding Co.* v. *Prince,* 200 Mass. 386, and cases cited. The rule in equity is different.

It has been decided many times that no exception lies to a decision upon a question of discretion. On the law side of the court the jurisdiction of a judge to report a case to this court includes only the same kinds of questions that may be brought before us by a bill of exceptions. See R. L. c. 173, § 105; c. 156, § 7; *Churchill* v. *Palmer*, 115 Mass. 310, 313.

So far as the allowance of the motion was the exercise of discretion we have no jurisdiction to consider it. The only question before us is whether it was without authority in law. This is answered both by the statutes and the decisions. Under the R. L. c. 173, § 48, amendments may be allowed in matter of form or substance " which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought." It is provided by the R. L. c. 173, § 121, that " the cause of action shall be considered to be the same for which the action was brought, if the court finds that it is the cause of action relied on by the plaintiff when the action was commenced, however the same may be misdescribed ; and the allowance by the court of an amendment shall be conclusive evidence of the identity of the cause of action." To such an order as was made in this case no exception lies. *Batchelder* v. *Pierce*, 170 Mass. 260. *McLaughlin* v. *West End Street Railway*, 186 Mass. 150. *Golding* v. *Brennan*, 183 Mass. 286, 289.

There is nothing in the record to show that, as matter of law, the cause for which the action was intended to be brought did not include any and every kind of liability growing out of the defendant contracting company's failure properly to perform its contract. The affidavit of Mr. Sprague amply warranted, if it did not require the allowance of the amendment.

It is no objection to the allowance of the amendment that the motion was made after a rescript had been sent from this court, and that the new counts state the liability differently from the original count, it being found that it is the liability of the defendant contracting company growing out of its failure to perform its contract, in whatever form it might exist, that was intended to be enforced when the action was brought. *Frost* v. *Courtis*, 172 Mass. 401. *Stewart* v. *Thayer*, 170 Mass. 560.

What defenses may be open to the defendants, and whether

the plaintiff by its conduct is precluded from enforcing a liability upon the amended counts, are questions which do not arise upon this report.

*Order allowing amendment affirmed.*