MICHAEL F. SCANLON vs. JEREMIAH J. CAREY.

Suffolk.    November 9, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Municipal Corporations,* Officers and agents, By-laws and ordinances.

In a city which has accepted R. L. c. 104, §§ 1, 4, providing for the regulation by
ordinances and by-laws of the inspection, materials, construction, alteration and
use of buildings, and that " the superintendent of public buildings or such other
officer as the mayor and aldermen . . . may designate shall be inspector of
buildings," a person who does not hold any other office in the city cannot be
appointed to the office of inspector of buildings.

PETITION, filed on February 7, 1910, for a writ of mandamus
commanding the respondent to surrender to the petitioner the
office of inspector of buildings of the city of Lawrence, and all
things pertaining thereto, alleging in substance that on May 28,
1906, the respondent had been appointed and had qualified to
fill that office ; that on December 27, 1909, the petitioner had
been appointed and had qualified to succeed the respondent
therein, and that, although demand had been made upon him,
the respondent had refused to turn over " the things and matters
pertaining to said office " to the petitioner.

The answer denied the right of the petitioner to the office of
inspector of buildings of Lawrence.

There was an agreed statement of facts from which, besides
the facts stated in the opinion, it appeared that previous to
March 1, 1909, the respondent had held the office of inspector
of buildings of Lawrence ; that on March 1, 1909, " the mayor
announced that, for the good of the service, he removed " the
respondent, " inspector of buildings, and said action of the mayor
was confirmed by the board of aldermen."  Beginning with February 1, and up to and including September 29, 1909, the mayor
made thirteen successive appointments to the office of inspector
of buildings, one person so appointed being the petitioner.  All
of the appointments were confirmed by the board of aldermen,
and were referred to the common council, which refused to concur therein.  On December 27, 1909, the mayor appointed the
petitioner to the office, the appointment was confirmed by the

board of aldermen, and was not referred to the common council. The mayor "declared [the petitioner] elected building inspector." The petitioner took the oath of office, and furnished a bond which was accepted and approved by the mayor and the board of aldermen.

Neither the petitioner nor the respondent at the times of their respective appointments held any other municipal office in the city of Lawrence.

Other facts are stated in the opinion.

The case was reserved by *Loring*, J., "upon the petition, answer, and agreed statement of facts for the consideration of the full court, such order to be entered as justice may require," no formal finding of facts being made.

*M. A. Cregg*, for the petitioner.

*J. P. Sweeney*, for the respondent.

KNOWLTON, C. J. The reservation in this case is informal, but the parties have treated it, and we treat it as intended to report to this court questions of law that arose at the hearing, which was all that properly could be reserved or reported under the statute. R. L. c. 173, § 105. *Commonwealth* v. *National Contracting Co.* 201 Mass. 248.

The principal question of law that appears upon the record is whether the petitioner has been legally appointed to the office of inspector of buildings of the city of Lawrence, so that he is entitled to perform the duties of that office, which are now being performed by the respondent. The statute that bears directly upon the case is R. L. c. 104, § 4, which provides that " in a city or town which accepts the provisions of this and the eight following sections or has accepted the corresponding provisions of earlier laws, the superintendent of public buildings or such other officer as the mayor and aldermen of said city or the selectmen of said town may designate shall be inspector of buildings," etc. These provisions have been accepted by the city of Lawrence and are now in force. For a series of years the city acted under them by a designation by the mayor and aldermen of the chief engineer of the fire department as inspector of buildings. In 1906 a building ordinance was passed that presumably was intended to be ordained under the authority of the R. L. c. 104, § 1, which had previously been accepted by

the city.   This ordinance provided for the appointment by the mayor triennially of an inspector of buildings, whose appointment should be confirmed by the city council.   It also provided regulations for the inspection, construction and materials of buildings.   It is plain that the officer to be appointed under this ordinance was intended to hold the same office and perform the same duties that are referred to in R. L. c. 104, § 4.   In the provision for his appointment by the mayor, subject to confirmation by the city council, instead of a designation by the mayor and aldermen, the ordinance is in conflict with the statute, which evidently did not intend to increase the number of persons holding office, but simply to add another office to that of the superintendent of public buildings, unless the mayor and aldermen designated some other officer of the city to be the incumbent of the new office.   In the original enactment in the St. 1878, c. 47, § 1, the words, " of said city," followed the words " or such other officer," and the meaning was not changed by the re-enactments in the Public Statutes and in the Revised Laws without these words.   Unless the mayor and aldermen desired the superintendent of public buildings to hold the office, they should have designated some other officer of the city for the place.   They could not increase the number of officers in the city by electing to this office a person who held no other office. The original attempt of the mayor to appoint the petitioner under the ordinance, and later to appoint numerous other persons in succession under the ordinance, was of no effect, not only because the city council refused to confirm the appointments, but because the ordinance in that part which prescribes an appointment and confirmation seeks to set aside the statute which calls for a designation in a different way.

The statute being in force, and providing the only way in which one can legally become an inspector of public buildings, the attempt to appoint the petitioner was ineffectual, because it was not a designation by the mayor and aldermen of an officer of the city other than the superintendent of public buildings, but was an appointment of a person who was in no way connected with the official business of the city.   The petitioner shows no right to the office.

*Petition dismissed.*