OVIDE BOUCHER *vs.* MEMBERS OF SALEM REBUILDING COMMISSION.

Essex.    June 19, 1916. — September 13, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Supreme Judicial Court,* Reservation for full court. *Salem Rebuilding Commission. Mandamus.*

A petition for a writ of mandamus reported under R. L. c. 173, § 105, by a single justice for determination by the full court "on the pleadings and agreed facts"

is before this court only for the decision of the questions of law disclosed by the record and not for the decision of questions of discretion.

*It seems* that a failure of the Salem rebuilding commission, appointed under St. 1914, c. 777, to grant within nine days an application for a permit to build a stable in a part of the city in which buildings were destroyed by the fire of June 25, 26, 1914, is not a denial of the application nor an unreasonable delay in considering it, and properly cannot be made the foundation of a petition for a writ of mandamus addressed to the members of the commission.

The Salem rebuilding commission appointed under St. 1914, c. 777, are given by § 3 of that statute the following authority: "In those parts of the city in which buildings were destroyed by the said fire, said commission and its agents shall have sole authority to grant permits for the erection of buildings, and may make regulations as to the location and size of such buildings and the materials of which they shall be constructed, and as to what proportion of the lots of land upon which they stand shall be covered thereby." The regulations made by the commission included the following provision: "The commission reserves the right to prescribe additional requirements for any buildings to be erected within the burnt district where the safety of life or property is involved, or the public health." *Held,* that the commission had the power and right to refuse to grant a permit to build a stable in the burnt district solely on the ground that the proposed building did not comply with a reasonable regulation made by the commission after the filing of the application for the permit, although the proposed building would have complied with all the regulations of the commission that were in force when the application was filed.

On a petition for a writ of mandamus addressed to the members of the Salem rebuilding commission commanding them to grant a permit to build a stable in the burnt district under the circumstances stated above, it appeared that at the time of the filing of the petition for the writ of mandamus the respondents had not made the new regulation under which they proposed to refuse the building permit applied for by the petitioner, but there was nothing to indicate a capricious or unreasonable refusal to grant the permit, and the petition for the writ was dismissed.

RUGG, C. J.   This is a petition for a writ of mandamus. The case has been reported* "on the pleadings and agreed statement of facts . . . for the determination of the full court." It was said respecting similar phraseology in a reservation in *Scanlon* v. *Carey,* 207 Mass. 285, 286, "The reservation in this case is informal, but the parties have treated it, and we treat it as intended to report to this court questions of law that arose at the hearing, which was all that properly could be reserved or reported under the statute. R. L. c. 173, § 105." † It has been held that "Questions of discretion are, in their essence, questions of fact," and cannot be brought before this court for determination in a proceeding on the law side of the court. *Commonwealth* v. *National Contracting*

---

* By *Braley,* J.                    † See also R. L. c. 156, § 7.

*Co.* 201 Mass. 248, 249. *Electric Welding Co. Ltd.* v. *Prince,* 200 Mass. 386, and cases cited. *Wyeth* v. *Cambridge Board of Health,* 200 Mass. 474, 481.

The respondents are the Salem rebuilding commission, appointed by the Governor of the Commonwealth under St. 1914, c. 777. It is obvious from the several sections of that act, that this commission is clothed by the Legislature with unusual powers in order to deal with the extraordinary conditions following the Salem conflagration of June, 1914. The commission is authorized to make extensive public improvements by discontinuing, laying out, widening and altering public ways within and without the burnt district; to establish building lines and otherwise to forward reconstruction according to adequate city planning, upon the land laid waste by the fire. Authority is conferred to take land by eminent domain, to execute contracts binding upon the municipality, to employ servants and agents, to require the services of city officers and employees and to requisition imperatively the city council for whatever money may be necessary to carry out the purposes of the act. Its jurisdiction is comprehensive and its powers are ample to accomplish the ends of its creation. In this connection it is provided by § 3 that, "In those parts of the city in which buildings were destroyed by the said fire,* said commission and its agents shall have sole authority to grant permits for the erection of buildings, and may make regulations as to the location and size of such buildings and the materials of which they shall be constructed, and as to what proportion of the lots of land upon which they stand shall be covered thereby."

The petitioner, having been licensed by the board of health of Salem to erect a brick stable, two stories in height, without windows on the sides and with no light on the lower floor except at the ends of the building, designed to cover the entire width of a lot of land and extending back one hundred and forty feet from the street line to an open space bordering upon a river to which there is no access from any highway, made application to the respondents on March 27, 1916, for a permit to erect the building. On the ninth day thereafter, April 5, 1916, no final action having been taken by the respondents, he filed the present petition. It

* Described in § 2 as "the fire of June twenty-fifth and June twenty-sixth, nineteen hundred and fourteen."

would be difficult to escape the conclusion that failure to act finally on the petition in this brief time was not equivalent to a denial nor to an unreasonable delay in considering it, and that hence this petition is premature. See *Bartlett* v. *New York, New Haven, & Hartford Railroad,* 221 Mass. 530.

But on broader grounds the petitioner cannot prevail. The plans and specifications for the proposed building conform to the statutes of the Commonwealth, the ordinances of the city and the regulations for the erection of buildings within the burnt district as established by the respondents up to the date of the filing of this petition. But § 50 of such regulations is in these words: "The commission reserves the right to prescribe additional requirements for any buildings to be erected within the burnt district where the safety of life or property is involved, or the public health." The respondents contend that under this section they have a right to impose additional regulations for the safety of life, property and the public health, and that they desire to do so, although none had been prescribed before the filing of the petition.

The statute is unlike any heretofore enacted in this Commonwealth. It was framed to meet an emergency arising out of a calamity in the city of Salem. Unusual powers were conferred upon the respondents in order to enable them to meet unwonted conditions. It must be interpreted in the light of its manifest purpose. Circumstances well might occur in the course of rebuilding upon the burnt district which could not be anticipated by ordinary or even unusual foresight. When such a situation confronted the respondents, it cannot be presumed to have been the intent of the Legislature that they should be bound by the rules previously promulgated and be unable to frame new rules to meet the unforeseen difficulty. The regulations already made expressly foreshadowed a purpose to deal with new conditions by new regulations or to change those already made as experience might seem to render wise. The right to do this is within the authority vested by the Legislature in the respondents. There is nothing to indicate capricious or unreasonable refusal by the respondents to grant a permit. The building proposed by the petitioner well might be found not to conform to a sound public policy susceptible of being embodied in a general regulation. Moreover a wide discretion

may be vested in public boards as to the location of stables. *Newton* v. *Joyce,* 166 Mass. 83. *Reinman* v. *Little Rock,* 237 U. S. 171.

The case at bar is quite distinguishable from *Kilgour* v. *Gratto,* 224 Mass. 78, and similar cases there reviewed.

It follows that the petitioner cannot maintain his petition and it becomes unnecessary to discuss his title and other difficulties in his path.

*Petition dismissed.*

The case was submitted on briefs.
*W. A. Pew,* for the petitioner.
*W. D. Chapple,* for the respondents.