## CHARLES F. STEVENS, landowner.

Worcester. October 1, 1917. — October 29, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Building Laws. Tenement House. Building Inspector. Practice, Civil,* Exceptions. *Constitutional Law. Words,* "Civil cause."

It here was *assumed,* but without so deciding, that an appeal to a judge of the Superior Court from an order of a building inspector under St. 1913, c. 655, § 55, applying for an order forbidding the enforcement of the order of the inspector is a "civil cause" within the meaning of R. L. c. 173, § 106, so that it may be brought before this court upon exceptions alleged in the Superior Court under that statute.

The provision of the building laws contained in St. 1913, c. 655, § 20, that "A building which is used, in whole or in part, as a . . . tenement house which has ten or more rooms or in which eight or more persons are accommodated or lodge or reside above the second story, the owner . . . of which is notified in writing by an inspector that the provisions of this act are deemed by him applicable thereto, shall be provided with proper egresses or other means of escape from fire, sufficient for the use of all persons accommodated . . . lodged or resident therein; but no owner . . . of such building shall be deemed to have violated this provision unless he has been notified in writing by such inspector what additional egresses or means of escape from fire are necessary," is a police regulation for the protection from fire of the lives of human beings within the constitutional power of the Legislature.

One, who under St. 1913, c. 655, § 55, has appealed to a judge of the Superior Court from an order of a building inspector applying for an order forbidding the enforcement of the order of the inspector, cannot be heard in that proceeding to contend that the statute of which he is taking advantage is unconstitutional in not providing for a trial by jury as to the establishment of the fundamental facts on which the jurisdiction of the inspector rested.

*Whether* a person who has taken such an appeal to a judge of the Superior Court, if afterwards a criminal prosecution or proceedings in equity should be instituted against him for failure to comply with the requirements imposed by the order of the building inspector, would have a right to a trial by jury, here was referred to as a question that was not before the court.

The statute quoted above is not unconstitutional in its operation upon the landowner in failing to provide for a trial by jury in connection with the review by a judge of the Superior Court of the order of the inspector.

On such an appeal to a judge of the Superior Court applying for an order forbidding the enforcement of an order of a building inspector, the landowner contended that the structure in question, instead of being a tenement house, consisted of two houses, and the judge found on evidence warranting such a finding that the building was one tenement house. *Held*, that this was a finding of fact which could not be pronounced erroneous.

In the same case it was contended by the landowner that a requirement of the order of the building inspector, that there should be an electric light at each landing of the front and rear stairways of the building, which should be kept lighted throughout the night, was unreasonable. No subsidiary facts or accompanying circumstances were shown indicating that the requirement was not a reasonable one or that it was in any respect capricious. *Held*, that this was a matter of detail largely discretionary in which the decision of the inspector when approved by a judge of the Superior Court would not be disturbed.

APPEAL, filed in the Superior Court for the county of Worcester on March 24, 1916, under St. 1913, c. 655, § 55, to a judge of the Superior Court for that county from an order of a building inspector applying for an order forbidding the enforcement of such order of the building inspector.

The appeal of the landowner, Charles F. Stevens, was as follows:

"And now comes said Stevens and says that on the seventeenth day of this March, 1916, he received through the mail a notice, order, requirement or direction of a building inspector of the building inspection department of the district police, a copy of which is hereto annexed marked 'A.'

"That he is aggrieved by said order, requirement and direction and hereby appeals to the honorable the judge of the Superior Court within and for said county for an order forbidding its enforcement and that a notice may issue as provided by statute for a hearing.

"That your complainant desires a trial by jury if there is any

provision for a jury. If there is no provision for a jury trial, your complainant claims the law referred to in said notice is unconstitutional and should be annulled.

"That the building referred to in said notice as number 26 Chandler St. is a two-story brick building with a French roof covered with slate, each of the three floors is a tenement of five rooms only. Adjoining this building is another building referred to in said notice as 28 on Chandler Street, and separated from the said number 26 Chandler Street by a brick wall with no openings in said brick wall and extending from the front wall to the rear wall of both said buildings and from the foundations in the bottom of the cellars to the roof so that either of said buildings could be removed or taken down without injury to or affecting the occupancy of the other, each building having separate front and rear entrances and neither of said buildings having anything in common with the other. That the said building numbered 28 on Chandler St. is also a two-story building of brick with a French roof covered with slate and contains one apartment of five rooms on each floor.

· · · · · · · · · · ·

"Wherefore your complainant claims that the laws referred to in said inspector's notice, a copy of which is hereto attached, marked 'A,' does not apply to said premises and said orders in said inspector's notice should be annulled or modified as your honor may deem meet, and appeals to a justice of the Superior Court for the county of Worcester for an order forbidding its enforcement."

The notice referred to above, of which the copy was marked "A," was addressed to the landowner and signed by the inspector, and otherwise was as follows:

"On March 16, 1916, I inspected the building located at 26–28 Chandler St., Worcester, the same being owned or controlled by you and you are hereby notified that under the provisions of chapter 655, Acts of 1913, the same being deemed applicable thereto by me, and in compliance therewith, you are hereby directed to provide the following in said building:

'Provide rope fire escapes, and notices descriptive of use of same, in all rooms used as lodging rooms above the first floor of said building.

"Provide an electric light at each landing in front and rear stairways, the same to be kept lighted throughout the night.

"Have front and rear egress doors made to swing out.

"Provide at least one approved chemical extinguisher in each tenement in said building, the same to be of at least 1½ gallons capacity each. All to be done subject to the approval of this department.

"The law allows thirty days for compliance with the above order. Please notify me as soon as you have complied with the same that I may issue certificates, as required by law, for this class of building."

The case was heard by *Sanderson*, J. The landowner asked the judge to rule that the act was unconstitutional in not providing for a jury to determine the facts in the case, and asked for a jury to decide the facts. He called the attention of the judge to the request for a jury contained in the appeal and asked for a ruling of the judge thereon. The judge refused to rule as requested, and refused to send the case to a jury or to have a jury empanelled to determine the facts. The landowner excepted.

The findings warranted by the evidence, so far as material, are stated in the opinion.

At the close of the evidence the landowner asked the judge to find as facts:

"1. That the premises to which the order or direction of the inspector relates, consist of two houses without connection or passage between them.

"2. That the order or direction of the inspector was not proper, necessary or reasonable, under the circumstances as shown by the evidence in the case, for the protection of the occupants of the building from injury by fire within the requirements as set forth under the provisions of St. 1913, c. 655."

The landowner also asked the judge to make the following rulings:

"1. That houses used for tenement purposes or for lodging purposes, though adjoining but separated by a brick partition wall sufficiently strong to carry either house, do not constitute a house or structure subject to the provisions of St. 1913, c. 655, § 20, unless said houses are connected by apertures through said wall so that they can be used in common or together.

"2. That two houses used for tenement or lodging purposes having separate entrances front and rear with a brick partition wall between, without passageway through said wall connected, are not subject to the provisions of St. 1913, c. 655, § 20, unless each or either is occupied or provides the rooms to the number stated in such section."

The judge refused to make either of the rulings requested, and filed a decision as follows: "The court, having heard the witnesses in the above entitled case and arguments of counsel, finds that the building erected at 26 and 28 Chandler Street, Worcester, Mass., is owned by the petitioner, that the whole building is one tenement house within the meaning of St. 1913, c. 655, § 20, and that it has more than eight rooms above the second story.

"The court affirms the order of the building inspector relating to said building dated March 16, 1916 and a copy of which is annexed to the petition in this case."

The landowner alleged exceptions.

*M. L. Lewis,* (*H. L. Parker* with him,) for the landowner.

*A. E. Seagrave,* Assistant Attorney General, for the inspector.

RUGG, C. J. It is provided by St. 1913, c. 655, § 20, that "A building which is used, in whole or in part, as a . . . tenement house which has eight or more rooms or in which ten or more persons are accommodated or lodge or reside above the second story, the owner . . . of which is notified in writing by an inspector that the provisions of this act are deemed by him applicable thereto, shall be provided with proper egresses or other means of escape from fire, sufficient for the use of all persons accommodated . . . lodged or resident therein; but no owner . . . of such building shall be deemed to have violated this provision unless he has been notified in writing by such inspector what additional egresses or means of escape from fire are necessary." The plaintiff, being the owner of a certain building in Worcester, was notified by an inspector according to the statute that additional means of egress and other means of escape from fire were required by him under the authority of this statute, the details of which were specified. Thereupon the plaintiff brought this proceeding under § 55, which provides that "Whoever is aggrieved by the order, requirement, or direction of a building inspector . . . may . . . appeal to a judge of the Superior

Court . . . for an order forbidding its enforcement; and . . . a hearing may be had before the court at such early and convenient time and place as shall be fixed . . . or the court may appoint three disinterested persons . . . to examine the matter and hear the parties; and the decision of said court, or the decision, in writing and under oath, of a majority of said experts . . . may alter, annul or affirm such order, requirement or direction."

Assuming in favor of the landowner (but without so deciding) that this is a "civil cause" within R. L. c. 173, § 106, so that it may be brought here by exceptions, it does not appear that any wrong has been done to the landowner.

The statute was enacted as a police regulation for the protection from fire of the lives of human beings. Statutes of this general nature are within the constitutional power of the Legislature. The housing of large numbers of people in populous cities in buildings not adequately protected against fire risk has direct relation to the public health and public safety. *Salem* v. *Maynes*, 123 Mass. 372. *Perry* v. *Bangs*, 161 Mass. 35, 38. *Commonwealth* v. *Hayden*, 211 Mass. 296. *Goldstein* v. *Conner*, 212 Mass. 57.

The initial decision of an inspector made under the statute, as to the kind of building which is in controversy, is not binding upon the owner as a finality under all circumstances. *Miller* v. *Horton*, 152 Mass. 540. *North American Cold Storage Co.* v. *Chicago*, 211 U. S. 306. But the statute makes provision for a petition by the landowner for a review by the court or by three experts appointed by the court of the decision of the inspector. It is by virtue of that provision that the present landowner has had the decision of the inspector reviewed by the Superior Court. He cannot avail himself of that review and at the same time ask this court to strike down the statute as unconstitutional because it does not enable him to demand a trial by jury. *Pitkin* v. *Springfield*, 112 Mass. 509. *New York Life Ins. Co.* v. *Hardison*, 199 Mass. 190. Doubtless if the landowner had not sought a review by the Superior Court of the action of the inspector in accordance with the terms of the statute, he would have a right to a trial by jury as to the existence of the fundamental facts upon which the jurisdiction of the inspector rested, when a criminal prosecution or proceedings in equity were instituted against him for failure to comply with the requirements imposed by the

inspector. Whether he may have such trial by jury after having availed himself of the hearing in court furnished by the statute is a question not now before us. But it is plain that, when appearing in court as a party plaintiff by the favor of the statute, he cannot at the same time invoke protection from the court against the entire proceeding, because he is not afforded a trial by jury as to the existence of the fundamental fact which gives the inspector jurisdiction. If he takes advantage of the protection given by the statute for a review by or under the direction of the court of all determinations made by the inspector, he can enjoy that protection only upon the terms set out in the statute.

The purpose of the statute is remedial. It is designed to afford security against loss of life by fire. The procedure is somewhat summary. Its manifest purpose is that there shall be a speedy decision of the questions involved and an expeditious execution of the requirements imposed. The objects to be attained would be defeated in many cases if there was a jury trial as to the questions decided by the inspector. *Stone* v. *Heath*, 179 Mass. 385. The statute is not unconstitutional in its present operation upon the landowner because of failure to provide a trial by jury in connection with the review by the court of the order of the inspector.

There was direct testimony to the effect that the structure in question was a tenement house and did not consist of two houses without connection between them. This positive testimony finds some support in the description of its construction and physical features. The decision of the judge to the effect that the building was one tenement house and the refusal to grant the rulings of law requested cannot be pronounced erroneous.

There is nothing in the specific requirements of the inspector which appears to be arbitrary, unreasonable, unnecessarily subversive of rights of property or not fairly directed to the accomplishment of rational results in immediate furtherance of the just purposes of the statute. *Welch* v. *Swasey*, 193 Mass. 364, 376. The only point argued in this respect is that the requirement of an electric light at each landing in front and rear stairways, to be kept lighted throughout the night, instead of permitting gas or some other method of illumination, was not warranted. No accompanying circumstances or subsidiary facts are shown which

indicate that this was not a reasonable direction or was in any respect capricious. A considerable discretion as to details naturally would be left to the determination of the inspector when approved by the judge of the Superior Court. *Kilgour* v. *Gratto*, 224 Mass. 78. *Boucher* v. *Salem Rebuilding Commission*, 225 Mass. 18.

*Exceptions overruled.*