COMMONWEALTH *vs.* EDWARD E. BADGER.

Suffolk.     October 16, 1922. — November 27, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Fire Prevention.     Sprinkler.     Constitutional Law*, Police power.     *Pleading, Criminal,* Complaint.     *Boston.*

G. L. c. 148, § 36, requiring the installation of automatic sprinklers in a building in which four or more persons live or are usually employed above the second floor and which is " used in whole or in part" for manufacturing certain specified inflammable substances, is not open to objection on constitutional grounds.

Conformity of an order issued under G. L. c. 148, § 36, with the requirement of § 41, that "no rule or order shall be made or enforced which requires an expenditure by the owner or occupant of more than five per cent of the last annual assessed valuation of the land and buildings to which such rule or order relates," need not be averred in a complaint for violation of the provisions of § 36 of the chapter, it being a matter of defence and not a part of the description of the substance of the offence.

By reason of the description of the metropolitan district contained in G. L. c. 148, § 28, the provisions of §§ 28–50 of that chapter are operative in the city of Boston without their having been accepted by the city council.

An order of the fire marshal served upon the owner of a building subject to the provisions of G. L. c. 148, § 36, recited that an inspection had been made of the premises, that the building was used in part for the business of working upon paper boxes and the storage of paper and that four or more persons were usually employed above the second floor, and continued: "By virtue of the power conferred on me by chapter 795 of the Acts of 1914, or any act or acts in addition thereto, or amendment thereof, you are hereby ordered to equip the second and third floors of the front section of said building with automatic sprinklers in a manner satisfactory to the Building Commissioner of the City of Boston." *Held,* that the notice was not in conformity to the statute, in that

(1) The statute confers no authority upon the fire marshal to make any delegation of power or duty;

(2) An attempt to vest an untrammelled discretion in a public officer as to improvement of property without some rule for guidance is void;

(3) The notice was vague and indefinite in requiring the installation of a mechanical device to conform to the satisfaction of a city officer without affording, by reference or otherwise, any guide.

What, if any, jurisdiction the building commissioner of the city of Boston possessed in the circumstances above described, it *was not necessary* to determine.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on February 18, 1921, charging that, while Edward E. Badger was the owner of the building situated and numbered 81 Wareham Street, Boston, a part of that building, namely, the front rooms in the second and third floors, "were then

and there being used in the business of manufacturing paper boxes, that the said building was then and there a building in which four or more persons were then and there usually employed therein above the second floor," that the fire marshal for the Metropolitan District on March 18, 1920, while the building was being so used, issued an "order in writing directed to the said Badger . . . ordering and directing him the said Badger to equip the said building with automatic sprinklers," which was served on him on March 19, 1920, and that Badger within six months next ensuing after having received the order and notice of the marshal failed to comply with its requirement.

The notice given to the defendant by the State fire marshal was as follows:

"An inspection having been made by this Department on March. 8, 1920, of the premises owned by you, to wit: Building No. 81 Wareham Street, Boston, Massachusetts, and known as the Badger Building, I find from the report of said inspection, which is now on file in this office, that said building is used in part for the business of working upon paper, to wit: paper boxes and the storage of paper, and that four or more persons are usually employed above the second floor.

"By virtue of the power conferred on me by chapter 795 of the Acts of 1914, or any act or acts in addition thereto, or amendment thereof, you are hereby ordered to equip the second and third floors of the front section of said building with automatic sprinklers in a manner satisfactory to the Building Commissioner of the City of Boston."

On appeal to the Superior Court, the case was tried before *Keating*, J. Material evidence is described in the opinion. At the close of the evidence of the Commonwealth, the defendant rested and asked for a ruling that the evidence was insufficient to warrant a conviction. The motion was denied. The defendant then asked for the following rulings:

"1. That the notice and order of March 18, 1920, served upon the defendant, was not sufficiently definite and specific to impose any duty upon the defendant.

"2. A duty imposed upon the defendant by such order, to the satisfaction of the certain authorities, rendered the order so uncertain that the defendant was justified in ignoring it.

"3. That the burden is on the Commonwealth to prove that the work ordered could be performed for five per cent of the assessed value of the property, and that that burden has not been sustained.

"4. That the burden is on the Commonwealth to prove that the defendant was owner or occupant whose duty it was to install the automatic sprinkler, and that that burden has not been sustained.

"5. That the burden is on the Commonwealth to prove that four or more persons live or were usually employed on the premises above the second floor, and that that burden has not been sustained.

"6. That the burden is on the Commonwealth to show that [the provisions of St. 1914, c. 795] were accepted by the city of Boston and that burden has not been sustained.

"7. That under the fundamental law of the land no man can be held criminally liable where his only offence is a failure to have work done which in the nature of the things he cannot do himself by his own labor and which he must employ others to do on his account."

The rulings were refused.

The defendant was found guilty; and alleged exceptions.

G. L. c. 148, §§ 36, 41, are as follows:

"Section 36. Any building used in whole or in part for the business of woodworking, or for the business of manufacturing or working upon wooden, basket, rattan or cane goods or articles, or tow, shavings, excelsior, oakum, rope, twine, string, thread, bagging, paper, paper stock, cardboard, rags, cotton or linen, or cotton or linen garments or goods, or rubber, feathers, paint, grease, soap, oil, varnish, petroleum, gasoline, kerosene, benzine, naphtha or other inflammable fluids, and any building used in whole or in part for the business of keeping or storing any such goods or articles, except in such small quantities as are usual for domestic use or for use in connection with and as incident to some business other than such keeping or storing, shall, upon the order of the marshal, be equipped with automatic sprinklers; provided, that no such order shall apply to any building unless four or more persons live or are usually employed therein above the second floor."

"Section 41. If any buildings or other premises are owned by one person and occupied by another under lease or otherwise, the orders of the marshal shall apply to the occupant alone, except where the rules or orders require the making of additions to or changes in the premises themselves, such as would immediately become real estate and be the property of the owner of the premises. In such cases the rules or orders shall affect the owner and not the occupant; and unless it is otherwise agreed between the owner and the occupant, the occupant whose use of the premises has caused the making of such additions or changes, in addition to his rent or other payments, shall, after the additions or changes are made, pay a reasonable per cent of the cost thereof annually to the owner of the premises. No rule or order shall be made or enforced which requires an expenditure by the owner or occupant of more than five per cent of the last annual assessed valuation of the land and buildings to which such rule or order relates."

*D. M. Lyons,* Special Assistant District Attorney, for the Commonwealth.

*C. H. Stebbins,* (*W. P. Mansfield* with him,) for the defendant.

RUGG, C.J. This is a complaint under G. L. c. 148, § 36, charging the defendant, as owner of a designated building in Boston, in which four or more persons were usually employed above the second story within rooms used in the manufacture of paper boxes, with having failed within six months after service of notice from the fire marshal to that effect to equip said building with automatic sprinklers.

The statute is not open to objection on constitutional grounds. It plainly is a regulation designed to protect persons working upon inflammable material in rooms higher than the second story from the peril of fire. It requires the installation of safety appliances in buildings where rooms in the third or higher stories are used for the manufacture of wooden, rattan or cane goods or other substances or stuffs likely to become easily ignited, fire in which would be peculiarly difficult to extinguish when once started, and in which flames might be expected to spread with dangerous rapidity. It is obviously enacted in the interests of public health and public safety. The statute relates only to the use of an existing building for specified dangerous occupations.

It prohibits such use after seasonable notice unless the safety appliances are installed.  Ample time after service of the notice is allowed for change of the occupancy to a less hazardous business if that is preferred to installing the equipment required.  It establishes no arbitrary or inflexible rule for the alteration of existing structures, lawful in every particular when erected.  See *Commonwealth* v. *Alger,* 7 Cush. 53, 103.  Compare *Opinion of the Justices,* 237 Mass. 598, and cases collected at pages 608 to 610.  It is confined in its operation to providing safety appliances for buildings above a certain height used for occupations regarded by the general court as subjecting those engaged therein to peculiar risk from fire.  Appropriate regulation of this kind comes within the principle of numerous decisions.  *Commonwealth* v. *Roberts,* 155 Mass. 281.  *Perry* v. *Bangs,* 161 Mass. 35.  *Commonwealth* v. *Hubley,* 172 Mass. 58.  *Commonwealth* v. *Maletsky,* 203 Mass. 241, 245.  *Storer* v. *Downey,* 215 Mass. 273.  *Baker* v. *Horan,* 227 Mass. 415, 421.  *Stevens, landowner,* 228 Mass. 368.  *Chase* v. *Proprietors of Revere House,* 232 Mass. 88.  *Wheeler* v. *Boston,* 233 Mass. 275.  *Commonwealth* v. *E. E. Wilson Co.* 241 Mass. 406.  The statute here involved distinguishes the present case from *Durgin* v. *Minot,* 203 Mass. 26, *Goldstein* v. *Conner,* 212 Mass. 57, *Kilgour* v. *Gratto,* 224 Mass. 78, *Cawley* v. *Northern Waste Co.* 239 Mass. 540, and decisions of that character.

The complaint conforms to the terms and follows in substance the phraseology of G. L. c. 148, § 36, under which it is drawn.  There is provision in § 41 of the same chapter that no rule or order shall be made or enforced which requires an expenditure by the owner or occupant of more than five per cent of the last annual assessed valuation of the land and buildings to which the rule or order refers.  No averment as to the cost of repairs was made in the complaint and no proof as to the matter was offered by the Commonwealth.  It was said by Chief Justice Gray in *Commonwealth* v. *Jennings,* 121 Mass. 47, at page 49, "It is a general rule of pleading, that when an exception or proviso is embodied in the clause which defines the offence, or, as it is commonly called, the enacting clause, it must be negatived in the indictment; but that if it is only found in a subsequent distinct clause of the same or another statute, it need not be so negatived."  *Commonwealth* v. *Maxwell,* 2 Pick. 139.  *Commonwealth* v. *Boyer,* 7 Allen, 306.

*Commonwealth* v. *Shannihan,* 145 Mass. 99. That principle is applicable to the case at bar. The limitation as to the expense is not incorporated into the description of the substance of the offence but occurs in a subsequent section. Violation of its terms is matter of defence. No allegation or proof in this respect is required of the Commonwealth in the first instance.

The provisions of R. L. c. 148, §§ 28 to 50, are operative in the city of Boston without acceptance by the city council of Boston. This is plain from the definition of the Metropolitan District in § 28. See St. 1914, c. 795, §§ 1, 26, 28.

The notice from the State fire marshal served upon the defendant, after reciting the use of the building for manufacture of paper boxes and the storage of paper and the employment of four or more persons above the second floor, required the defendant to equip parts of the building "with automatic sprinklers in a manner satisfactory to the Building Commissioner of the City of Boston." This notice was not in conformity to the statute. The type of sprinkler and manner of installation are by the terms of the notice made wholly subject to the untrammelled discretion of the building commissioner of the city of Boston. The notice is objectionable in at least three respects: (1) The statute confers no authority upon the fire marshal to make any delegation of power or duty. *Commonwealth* v. *Staples,* 191 Mass. 384. *Brown* v. *Newburyport,* 209 Mass. 259, 266. *Cawley* v. *Northern Waste Co.* 239 Mass. 540, 543. See *Commonwealth* v. *Slocum,* 230 Mass. 180, 190. (2) Attempt to vest an untrammelled discretion in a public officer as to improvement of property without some rule for guidance has been often held void. *Newton* v. *Belger,* 143 Mass. 598. *Commonwealth* v. *Maletsky,* 203 Mass. 241. (3) The notice was vague and indefinite in requiring the installation of a mechanical device to conform to the satisfaction of a city officer without affording by reference or otherwise any guide. It is fair to afford to the landowner or occupant required to make expensive improvements some guide, rule or information as to what he must do and the manner in which it is to be done, in order that he may have a basis for knowing how to comply with the requirement and when he has satisfied the law. *General Baking Co.* v. *Street Commissioners,* 242 Mass. 194.

It is not necessary to determine what if any jurisdiction the

building commissioner of the city of Boston possesses in the premises. See St. 1907, c. 550, §§ 1, 2, 9, 13, 104, 111; *Commonwealth* v. *Hayden,* 211 Mass. 296. It was not possible for the fire marshal by his notice to enlarge or curtail that jurisdiction in any respect. No provision of St. 1907, c. 550, has been called to our attention and we have discovered none which purports to confer upon the building commissioner of the city of Boston the unlimited power implied in the notice of the fire marshal. *Williamson* v. *United States,* 207 U. S. 425, 462.

The construction put upon somewhat similar words in *Sawyer* v. *State Board of Health,* 125 Mass. 182, 187, manifestly is to be confined to the peculiar facts there disclosed and cannot reasonably be extended to a case like the present. It follows that a verdict of not guilty ought to have been directed. The ground upon which this decision rests renders it unnecessary to consider the other points urged by the defendant.

*Exceptions sustained.*