*Municipal Court of the City of Boston*
No. 105381
**FEDERICO FESTA**
v.
**EVELYN P. PIEMONTE**

*Present*: Adlow, C. J., Riley & Foster, JJ.
Case tried to *Canavan, J.*

(December 11—December 17, 1964)

*Adlow, C. J.* Action of tort to recover for personal injuries resulting from a fall on a stairway in a tenement building on Hanover Street in the City of Boston. The plaintiff declared in 4 counts which in substance alleged a failure on the part of the defendant to maintain in safe condition a building subject to the provisions of G. L. c. 143, §§15-60.

*There was evidence tending to show that* the building was owned by the defendant; that the plaintiff was a tenant at will; that in 1923 written notice had been given by the City of Boston Building Department to a predecessor in title of the defendant with respect to fire escape conditions in the building; that the building was a 5-story building with one stairway leading from the street to the roof; that the plaintiff was 78 years old at the time of the accident, and was a tenant at will in the building. *There was further evidence that* he was injured at approximately 11:00 p.m. on June 21, 1963 as he was returning from the roof where he had gone to rotate his television antenna. There was testimony offered by the plaintiff that as he closed the door leading from the roof to the stairway he attempted to secure the hook that was on the door, and that he fell down the stairs and suffered severe personal injuries. The plaintiff testified that he had done the same thing on the previous night and noticed nothing wrong with respect to the hook. A police officer who took the plaintiff to the hospital on the night of the accident testified that he found the hook on the stairs leading from the roof.

There was evidence furnished by the defendant that he had warned the plaintiff and all his other tenants never to use the roof; and that he had repeated this warning not to go to the roof by written notices sent to his tenants. A certificate was offered in evi-

dence indicating that the inspector of buildings for the City of Boston had inspected the premises on April 16, 1959 and certified that there were no violations of any of the provisions of G. L. c. 143. This certificate was issued on April 16, 1959 and was to expire on January 15, 1964.

At the close of the evidence the plaintiff filed 8 requests for rulings, all of which were granted by the court except Request #5, which reads as follows:

"5. If the court finds that:

    a. The plaintiff was a tenant of the defendant at 327 Hanover Street, Boston

    b. The plaintiff was injured there in a headlong fall down the flight of stairs leading from the roof to the fifth story when he closed the roof door and its only appendage (a hook latch) came off in his hand

    c. Said egress area was common to the other tenants of the building and was in the control of the defendant

    d. Said building was an apartment house or tenement house with eight or more rooms above the second story or one in which ten or more persons resided above the second story

    e. Written notice of compliance with the City of Boston's Building Code had been given to a previous owner of said building by the City's Building Department

    f. Said building, once having been brought within the scope of said Chapter 143,

the defendant owed the plaintiff the duty of providing proper egress and/or suitable bannisters and/or ordinary doorknobs and/or proper lighting

g. Said egress was not kept in good repair and ready for use in that the latch hook on the door was loose or there was no doorknob or the area lacked suitable bannisters or it was improperly lit

h. Then the court must find for the plaintiff regardless of whether this condition existed at the time of the letting."

The court denied the aforesaid request as follows:

"Denied in view of my findings of fact."

The court found the following facts:

"I find as a fact that the Inspector of Buildings for the City of Boston inspected the premises on 4/16/59 and certified that the egresses and means for escape from fire are sufficient for 138 persons and that he found no violations of said Chapter 143 of the General Laws. This inspection certificate was issued on 4/16/59 and expired 1/15/64.

"I also find as a fact that the plaintiff lost his balance and fell down the stairs and was not in the exercise of due care."

The court found for the defendant and being aggrieved by the refusal of the court to rule as requested the plaintiff brings this report.

[■] There is no merit to this report. The plaintiff does not base his claim on common law principles, but insists that G. L. c. 143, §§21 and 51 provide ample basis for the

assertion of such right. We do not agree. There was offered in evidence, and the court expressly found as a fact, that a building inspector for the City of Boston has certified that there were no violations of G. L. c. 143. Such certifications of compliance precludes recovery on the basis of the statute. *Perry v. Bangs,* 161 Mass. 35. While the court has expressly found that the plaintiff lost his balance, fell down the flight of stairs, and was not in the exercise of due care, it is not inappropriate to point out that none of the benefits conferred by G. L. c. 143, §§21, 51 are available to persons using stairways and egresses for purposes other than escape from danger from fire. *Landers v. Brooks,* 258 Mass. 1, 3; *Aldworth v. F. W. Woolworth Co.,* 295 Mass. 344, 348. In these circumstances whatever rights the plaintiff may assert are governed by common law principles of liability, and no such issue is before us. *Report dismissed.*

John H. Donovan, of Boston, for the Plaintiff.

John T. Donahue, of Boston, for the Defendant, cited the following:

In *Stevens, Landowner,* 228 Mass. 368, 373, in discussing this statute G. L. c. 143, §§15-60 it was said: "the statute was enacted as a police regulation for the protection *from fire* of the lives of human beings." (Emphasis supplied). At page 374 the court said: "The purpose of the statute is remedial. It is designed to afford security against loss by fire."

*Aldworth v. F. W. Woolworth Co.,* 295 Mass. 344 was a case of a fireman fighting a fire in an

adjoining building going upon defendant's fire escape and falling therefrom. In denying the plaintiff recovery the court said at page 348: "But the duty and liability of a person owning or controlling the use of a building with respect to a fire escape, when such fire escape is used for other purposes, remains as at common law." Citing *Landers v. Brooks*, 258 Mass. 1 and *Rice v. Rosenberg*, 266 Mass. 520; *Repucci v. Exchange Realty Company*, 321 Mass. 571, allowed recovery on the so-called statutory counts. But the plaintiffs were in fact trying to escape an actual fire and fell when a defective cantilever caused a fire escape to give way. Clearly these facts are within the purview of the statute. It is to be noted, however, that both the *Stevens* case and the *Aldworth* case cited in this decision (page 575).

In *Landers v. Brooks*, 258 Mass. 1, at page 3 the court says: "The fire escape was intended for use in case of danger from fire. It was not to be used for other purposes. No duty was imposed on the defendant to keep it in proper repair except in case of fire. It was not designed for entrance or exit to the apartments and it was not contemplated that it should be kept in a safe condition for all purposes and every kind of service."