## ATTORNEY GENERAL *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.    November 22, 1907. — January 14, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Quo Warranto. Corporation, Ultra vires acts. Attorney General. Equity Jurisdiction,* To restrain corporations from transacting unauthorized business. *Statute. Supreme Judicial Court. Railroad Commissioners. Railroad.*

*It seems* that, before the enactment of St. 1906, c. 372, giving to the Supreme Judicial Court jurisdiction, upon an information in equity in the name of the Attorney General at the relation of the commissioner of corporations, among other things to restrain any domestic corporation from assuming or exercising any franchise or privilege or transacting any kind of business not authorized by its charter, the Attorney General on his own initiative, by quo warranto proceedings or by an information in equity in the nature of quo warranto, might have procured a judgment or decree ousting a domestic corporation from exercising powers or franchises without right, although the unauthorized acts of the corporation did not warrant, and he did not seek, a forfeiture of the charter of the corporation.

A remedy by quo warranto will not be given where any other adequate relief is available.

St. 1906, c. 372, giving to the Supreme Judicial Court jurisdiction, upon an information in equity in the name of the Attorney General at the relation of the commissioner of corporations, among other things to restrain any domestic corporation from assuming or exercising any franchise or privilege or transacting any kind of business not authorized by its charter, expressly *covers all cases in* which such assumption, exercise or transaction is not of so grave a character as, in the opinion of the Attorney General, to call for a forfeiture of the charter of the corporation; and therefore, since adequate relief is given thereby, quo warranto cannot be maintained in such a case.

St. 1906, c. 463, Part I. § 8, providing that if a railroad corporation or street railway company, in the opinion of the board of railroad commissioners, has violated a law or neglects to comply with the terms of a statute, and continues to do so after notice from them, they shall present the facts to the Attorney General for his action, does not limit the authority of the Attorney General to bring inde-

pendently proper proceedings to restrain unauthorized or illegal acts of such a corporation in any case where the interests of the public seem to him to require that he should do so.

QUO WARRANTO, on an information by the Attorney General, entered on the law docket of the Supreme Judicial Court for the county of Suffolk January 18, 1907, alleging that the defendant, without any warrant or grant, was using the liberties, privileges and franchises of subscribing for, taking and holding stock and bonds, and guaranteeing bonds and dividends of certain street railway corporations, and had usurped such liberties, privileges and franchises; and praying that the defendant be excluded from such liberties, privileges and franchises.

The defendant demurred, alleging as causes for demurrer the following: " (1) The Attorney General hath no power or authority to bring or maintain this information in manner and form as he hath assumed to bring the same; (2) this court hath no jurisdiction to decide and adjudge the matter and things set forth in the information in manner and form as the same are therein set forth; (3) it does not by said information appear that the facts set forth therein as to a violation by this defendant of the law of the Commonwealth, or any facts relating to such violation, have been presented by the board of railroad commissioners to the Attorney General for his action; (4) said information does not set forth any facts upon which the judgment sought thereby can be rendered at the common law, or upon which any judgment at the common law can be rendered."

There was a hearing before *Rugg*, J., who reserved the case for determination by the full court.

*D. Malone*, Attorney General, (*F. B. Greenhalge*, Assistant Attorney General with him,) for the plaintiff.

*J. H. Benton, Jr.*, for the defendant.

KNOWLTON, C. J.   This is an information in the nature of a quo warranto by the Attorney General against a railroad company owning and operating a railroad in this Commonwealth by virtue of its incorporation under the laws of the Commonwealth. It alleges that the defendant "has directly and indirectly subscribed for, taken and held the stock and bonds and has guaranteed the bonds and dividends, and is guaranteeing the bonds and dividends of certain domestic corporations " named, which are

street railway corporations incorporated under the laws of this Commonwealth. It alleges that this holding and guaranteeing is without authority of law and in violation of the St. 1906, c. 463, Part II. § 57. It also alleges that the defendant is using, without any warrant or grant, the liberties, privileges and franchises of subscribing for, taking and holding the stock and bonds, and guaranteeing the bonds and dividends of these street railway corporations, and has usurped and is usurping said liberties, privileges and franchises. The prayer is that the defendant be excluded from the said liberties, privileges and franchises, and for such other orders and decrees as law and justice may require.

A demurrer was filed for four causes therein stated. Of these the third was waived, and the first and second are the same in substance; so that the two questions for consideration under the demurrer as stated in the defendant's brief are : " First, can the information, in the manner and form in which it is brought, be maintained as an information at the common law? Second, if the information can be maintained as an information at the common law, does it set forth facts upon which the judgment asked for therein can be rendered at the common law, or upon which any judgment at the common law can be rendered ? "

Except for the alleged limitations in the statutes hereinafter referred to, no question is made as to the power and authority of the Attorney General to bring, in his own name and upon his own initiative, an information in the nature of quo warranto against a corporation which has abused or misused its corporate franchise, or has usurped a franchise not granted to it, with such injurious consequences to the public as to justify a forfeiture of its charter. His general authority in this particular is well established. *Goddard* v. *Smithett,* 3 Gray, 116, 122. *Attorney General* v. *Sullivan,* 163 Mass. 446, 448.

The question raised by the first ground of demurrer depends, first, upon the fact that the acts complained of are such as might lawfully be done by a natural person, although *ultra vires* of the corporation and having no direct relation to the object for which it was chartered, and secondly, upon the further fact that under the statute such corporations are forbidden to do these acts. The Attorney General does not aver that the acts are of such a character as to require a forfeiture of the original franchise

granted to the corporation, but asks that it be excluded from these "liberties, privileges and franchises." This means, we suppose, that it be restrained from doing the acts; or, if the conduct of the corporation be treated as the exercise of a usurped franchise, that it be ousted from this franchise.

Our statutes and decisions do not deal directly with this question, (R. L. c. 156, § 3; c. 192, § 6,) and the decisions that bear upon it in England and in other States are not uniform. In the English courts, such conditions would seem to call for an information in equity by the Attorney General, while in this Commonwealth, under the statutes existing when the cases arose, such informations have been sustained only in cases of public nuisance and public charitable trusts. *Attorney General* v. *Tudor Ice Co.* 104 Mass. 239, 244. *Attorney General* v. *Pitcher*, 183 Mass. 513, 520. *Attorney General* v. *Great Northern Railway*, 1 Dr. & Sm. 154. *Attorney General* v. *Mid Kent Railway*, L. R. 3 Ch. 100. It has been held in many States, sometimes under local statutes, that the exercise of powers by a corporation which are not authorized by its charter, but which do not affect the public interest so injuriously as to warrant an ouster from its corporate franchise, may be restrained on an information in the nature of quo warranto, to oust it from the enjoyment of the usurped franchise. *State* v. *Portland Natural Gas & Oil Co.* 153 Ind. 483. *People* v. *Utica Ins. Co.* 15 Johns. 358. *State* v. *Standard Oil Co.* 49 Ohio St. 137. *Stewart* v. *Father Mathew Society*, 41 Mich. 67. *People* v. *Dashaway Association*, 84 Cal. 114. *State* v. *Norwalk & Danbury Turnpike Co.* 10 Conn. 157. *Illinois Midland Railway* v. *People*, 84 Ill. 426. *People* v. *North Chicago Railway*, 88 Ill. 537. For a different view see *State* v. *Minnesota Thresher Manuf. Co.* 40 Minn. 213. Inasmuch as corporations derive their authority from the Legislature, they can exercise only such powers as are either expressly included in their franchise, or are fairly incidental to the enjoyment of it. An attempt to do that which is *ultra vires* is a usurpation of what would be a franchise if the right to do it had been granted. As was said by Mr. Justice Bradley in *California* v. *Central Pacific Railroad*, 127 U. S. 1, 41, "Corporate capacity is a franchise." So in *People* v. *Geneva College*, 5 Wend. 211, 218, it is declared that, "Every act of a corporation affecting the public is the exercise of

a franchise." A remedy by quo warranto is given in most courts for the exercise of usurped powers by corporations, even when the consequences are not grave enough to justify a forfeiture of the charter. In proceedings by quo warranto under the R. L. c. 192, §§ 6 to 11, when the Attorney General does not intervene, there may be a judgment that the corporation be perpetually excluded from the exercise of the franchise or privilege not conferred by law, which it is found to have been exercising. But in such a case there cannot be a judgment of forfeiture. In this there is an analogy to the decisions in other States to which we have referred. If the Attorney General intervenes in proceedings under this statute, he may demand a judgment of fine and forfeiture if his case is made out.

Were it not for the St. 1906, c. 372, it would seem that, in a case like the present, the Attorney General might proceed by an information, and, if the unauthorized exercise of powers by the corporation was not of such a kind as to interfere seriously with the fulfilment by the corporation of the purposes of its creation, or to justify a forfeiture of its charter, he might ask for a judgment of ouster from the powers and franchises which it had exercised without right. Either such a remedy should be open at law, or it should be held that, since full jurisdiction in equity has been given to our courts, an information in equity of the nature of quo warranto may be maintained by the Attorney General.

But we do not find it necessary to decide this question. For the St. 1906, c. 372, was passed for conditions of this kind, and it expressly covers all cases in which the assumption or exercise of a franchise or privilege, or the transaction of an unauthorized kind of business is not of such a grave character as, in the opinion of the Attorney General, to call for a forfeiture of the corporate franchise. The material part of this statute is as follows: "Upon an information in equity in the name of the Attorney General, at the relation of the commissioner of corporations, the Supreme Judicial Court shall have power to restrain by injunction any corporation from assuming or exercising any franchise or privilege or transacting any kind of business not authorized by the charter of such corporation and the laws of this Commonwealth." The case stated and the relief called for in the present information are provided for in this statute through an informa-

tion in equity.  The remedy thus given is exclusive for this class of cases, where no relief is needed other than an injunction against such unauthorized acts in the future.  A remedy by mandamus or quo warranto will not be given where any other adequate kind of relief is available.  *Selectmen of Gardner* v. *Templeton Street Railway,* 184 Mass. 294.  *Finlay* v. *Boston,* 196 Mass. 267.  *Jaquith* v. *Fuller,* 167 Mass. 123.  *Hill* v. *McKim,* 168 Mass. 100.  *Fairweather* v. *McKim,* 168 Mass. 103. *Perry* v. *Hull,* 180 Mass. 547.  Since the passage of this statute, the Attorney General cannot maintain an information at law in the nature of quo warranto, to prevent the exercise by a corporation of powers *ultra vires,* where he does not desire any other judgment against it.

We agree with the contention of the Attorney General that the St. 1906, c. 463, Part I. § 8, does not limit his authority to proceed independently-of action by the railroad commissioners in any case where the interests of the public seem to him to require it.  This section is simply a detail in the statement of the general supervisory powers and duties of the railroad commissioners.

*Demurrer sustained.*