TERESA C. SOPER *vs.* PERCY W. WHEELER & others.

Suffolk. May 26, 1921. — July 2, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Supreme Judicial Court,* Reservation for full court. *Mandamus. Overseers of the Poor. Gloucester.*

A petition for a writ of mandamus reserved by a single justice for determination by the full court brings before this court only questions of law.

While a writ of mandamus will issue to compel the performance of a duty entrusted to overseers of the poor and they can be compelled under G. L. c. 118, to exercise their judgment and discretion, they cannot be compelled to exercise their judgment in a particular way or to make a decision favorable to the petitioner in a matter which is entrusted to their discretion.

The furnishing of aid at the public expense under G. L. c. 118, to a mother with dependent children is not a mandatory duty committed to the overseers of the poor to be exercised in all cases where the mother is fit to bring up her children and the surroundings of the home are such as to make for good character.

Where assistance can be secured from relatives, organizations or individuals, the overseers of the poor properly may refuse to pay for the support of such a mother and children from the public treasury.

If a mother with dependent children has relatives and friends who are able and willing to support her and her children in a reasonable degree of comfort, a petition for a writ of mandamus to compel the overseers under G. L. c. 118, to furnish aid at the public expense contrary to their determination must be denied.

PETITION, filed on April 30, 1921, and afterwards amended by substitution, seeking a writ of mandamus addressed to the overseers of the poor in the city of Gloucester, the city of Gloucester and the Attorney General of the Commonwealth, commanding the overseers of the poor and all other parties who might have an interest therein to grant or cause to be granted such aid as should enable the petitioner to bring up her children properly in her own home.

The case came on to be heard before *Braley,* J., who reserved it upon the substitute petition, answer thereto and agreed statement of facts, material portions of which are described in the opinion, for the determination of the full court.

The case was submitted on briefs.

*R. C. Davis,* for the petitioner.

*M. F. Buckley,* for the overseers of the poor of Gloucester.

*J. W. Allen,* Attorney General, *C. R. Cabot,* Assistant Attorney General, *& A. L. Stevenson,* for the Attorney General.

CARROLL, J.   This is a petition for mandamus by Teresa C. Soper, a resident of Gloucester with two dependent children under the age of fourteen, who has resided in this Commonwealth more than three years and whose husband has deserted her, against the overseers of the poor of the city of Gloucester, the city of Gloucester and the Attorney General; praying that the overseers of the poor may be directed to grant her such aid under the G. L. c. 118, as will enable her to bring up her children properly in her own home.   The petition recites that her husband deserted her on December 23, 1920; that a warrant has issued for his arrest, but he has not been apprehended and he is not known to be within the jurisdiction of the Commonwealth; that the two children are entirely dependent upon the petitioner for support; that she has applied for relief as provided by G. L. c. 118, and the overseers have neglected and refused to furnish sufficient aid to enable her to bring up her children properly in her home.   The answer of the overseers, so far as material, alleges that neither the peti-- tioner nor her children have a settlement in the Commonwealth; that under G. L. c. 118, § 6, a town which has aided a mother who has no settlement in the Commonwealth shall be reimbursed by the Commonwealth for the total amount of aid given the mother; that the attention of the Department of Public Welfare was called to the petitioner's request for assistance and on March 20, 1921, the secretary of the overseers of the poor was authorized to aid the petitioner "to the extent of $6 per week and rent of $3 per week under G. L. c. 117, § 18, and has complied therewith."

It was agreed that the Department of Public Welfare has adopted the policy that a mother shall not receive support under G. L. c. 118, in cases of desertion unless it has continued for one year, and this policy has been adopted by overseers of the poor throughout the Commonwealth.   It was also agreed that the mother was fit to bring up her children; that the surroundings of the home are such as to make for good character, and that some aid is necessary, but not the particular aid requested; and that she

has two brothers "who have assisted her in the past and may assist her in the future." The case is in this court on a reservation by a single justice.

It is provided by G. L. c. 118, § 3, that, before any aid is given a mother who has dependent children under the age of fourteen, to enable her to rear her children in her own home, the overseers of the poor shall make a careful inquiry "including . . . the existence of relatives able to assist the family, and of individuals, societies or agencies who may be interested therein . . . and shall secure all necessary aid for the mother and children which can be secured from relatives, organizations or individuals." Under G. L. c. 117, § 18, aid may be given to a poor person who has no lawful settlement within the Commonwealth, if the overseers consider it for the public interest, but not for a greater amount than $2 a week for each family during the months of May to September, inclusive, or $3 a week during the other months, except as otherwise ordered by the Department of Public Welfare.

The reservation in this case brings before this court only questions of law. *Boucher* v. *Salem Rebuilding Commission,* 225 Mass. 18. *Duffey* v. *School Committee of Hopkinton,* 236 Mass. 5, 9. A writ of mandamus will issue to compel the performance of a duty entrusted to the overseers of the poor and they can be compelled to exercise their judgment and discretion under G. L. c. 118; but they will not be compelled to exercise their judgment in a particular way or make a decision favorable to the petitioner. As was said in *Rea* v. *Aldermen of Everett,* 217 Mass. 427, at page 432: "It is not the function of a writ of mandamus to direct the particular action to be taken, but simply to set the public board in motion to exercise fairly and reasonably the duties imposed by the statute." *McLean* v. *Mayor of Holyoke,* 216 Mass. 62. *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162. *Rice* v. *The Governor,* 207 Mass. 577, 578.

The furnishing of aid at the public expense under G. L. c. 118, to mothers with dependent children is not a mandatory duty committed to the overseers of the poor to be exercised in all cases where the mother is fit to bring up her children and the surroundings of the home are such as to make for good character. When assistance can be secured from relatives, organizations or individuals, the overseers, in the exercise of a sound discretion and

right judgment, properly may refuse to pay for the support of the mother and children from the public treasury.

According to the agreed facts, while Mrs. Soper is in need of some relief, she does not require the particular aid sought for. She has brothers who, it is to be inferred, are able to help her, — they have assisted her in the past and may render assistance to her in the future. When a mother with dependent children is aided by others to such an extent that her children are properly cared for in her own home, the overseers cannot be compelled by this statute to supply her with additional aid, and if the mother has relatives and friends who are able and willing to support her, and her children in a reasonable degree of comfort, aid is not to be supplied at the public expense. It is apparent that the main purpose of this legislation for the help of mothers with dependent children was to protect the home and save the family by supplying the mother with the means of rearing her children in her own home, and with this end in view, the overseers of the poor were to co-operate by investigation and inquiry, by enforcing their legal rights, by securing employment for the members of the family other than the mother and her dependent children, and by obtaining relief if possible from those who from kinship or for charitable or humanitarian reasons, are willing to assist, and when this failed to supply her with aid from the public funds. The burden was not placed on the city or town of furnishing this relief from its own funds, when by proper efforts assistance could be supplied in other ways. A large degree of investigation, discretion and judgment was imposed on the public officers before aid was to be furnished at the expense of the municipality, and the writ of mandamus should not issue when there are other sources from which relief can be properly expected.

The work of the overseers under this statute is under the supervision of the Department of Public Welfare, and that department has established the rule that when mothers with dependent children are deserted by their husbands, relief shall not be given under G. L. c. 118, unless the desertion is continued for one year. Whatever may have been the reasons for this rule, we are not called upon to decide, when aid is essential for the support of a mother with dependent children under the age of fourteen, who is competent to train and rear them, and the surroundings of the

home are respectable and of good repute and it is impossible to secure adequate help from relatives, friends or charitably disposed persons, or in any other way, that under this rule the overseers are excused from performing the duty of aiding her at the public expense.

In the case at bar it is agreed that the particular support sought is not necessary; and as her brothers may aid her as they have in the past, in our opinion, the writ should not issue to compel the respondents to furnish the aid asked for, and the petition should be denied, without costs.

*So ordered.*