GARDNER TRUST COMPANY *vs.* WHITEHALL CORPORATION.

Worcester.   November 18, 1926. — June 29, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Quo Warranto.*

It is the general policy of the law not to permit extraordinary or prerogative writs successfully to be invoked where other adequate relief is available. Per RUGG, C.J.

A creditor, in settlement of a debt against an individual, accepted a note of the debtor indorsed by associates in a real estate trust. The debtor and one of the indorsers afterwards organized a corporation to engage in the business of acquiring, holding, managing and selling real estate, the agreement of association making no reference to the term of duration of the corporation. The debtor owned 318 of 320 shares of the corporation issued as paid for in cash. He had conveyed to the corporation several parcels of land formerly held by him as trustee. The creditor petitioned for leave to file an information in the nature of a quo warranto on the ground that under G. L. c. 156, § 7, the purpose of the corporation was illegal and that its acceptance of conveyances from the debtor was for the purpose of aiding the debtor to hinder, embarrass and delay the petitioner in the collection of his note. The corporation demurred. *Held*, that the petitioner had adequate remedy under other legal and equitable processes and that, since the process sought was not a matter of right, leave ought not to be granted in the circumstances.

PETITION, filed in the Supreme Judicial Court for the county of Worcester on March 23, 1926, for leave to file an information in the nature of a quo warranto against White-

hall Corporation. The respondent demurred. The case was reserved by *Pierce*, J., upon the petition and demurrer for determination by the full court.

The case was submitted on briefs.

*J. P. Carney, H. W. Blake, & R. W. Simonds*, for the petitioner.

*E. Greenhood*, for the respondent.

Rugg, C.J. This is a petition under G. L. c. 249, § 6, whereby provision is made to the effect that "A person whose private right or interest has been injured or is put in hazard, by the exercise of a franchise or privilege not conferred by law, by a private corporation or by persons claiming to be a private corporation, whether he is a member of such corporation or not, may apply . . . for leave to file an information in the nature of a quo warranto."

The private right or interest of the petitioner as displayed in its application for leave to file an information is that, having brought a suit in equity to establish its debt and to reach and apply in satisfaction thereof real estate of its debtor, held by him as trustee under a declaration of trust for the benefit of himself and three others, settlement thereof was made by acceptance by the petitioner of a note, signed by its debtor as maker and by the three remaining beneficiaries under said trust as indorsers waiving demand and notice, in reliance upon the credit of the maker and indorsers under said declaration of trust; that thereafter the maker and one indorser of said note, together with one other person, organized the respondent corporation to engage in and carry on, among other things, the business of acquiring, holding, managing and selling real estate, a purpose illegal because the agreement of association made no reference to the term of duration of the corporation, G. L. c. 156, § 7; that the respondent corporation has received conveyances from the maker of said note as trustee of several parcels of real estate held under the declaration of trust, no one of such parcels being necessary or incidental to the business of the respondent other than real estate business; that the maker of said note, the debtor of the petitioner, owns three hundred and eighteen out of a total of three hundred and twenty of

the shares of the respondent issued as paid for in cash, and that the respondent, being overwhelmingly in control, has accepted said conveyances of real estate for the purpose of aiding the debtor of the petitioner to hinder, embarrass and delay the petitioner in the collection of said note and other indebtedness.

The right of the petitioner to maintain the present proceedings rests wholly upon the statute already quoted. With reference to its scope and meaning it was said by Chief Justice Shaw in *Goddard* v. *Smithett,* 3 Gray, 116, 117, "It will be perceived that the cases, in which this proceeding . . . is authorized, are extremely limited . . . . It does not lie to correct irregularities, nor to afford redress generally for the unlawful acts and doings of such corporations, or persons claiming to be corporations, but lies only when they are exercising a franchise or privilege not conferred by law, by means of the exercise of which franchise or privilege the private right or interest of any person is injured or put at hazard." The court will not hesitate liberally to apply this somewhat unusual remedy in cases falling within its terms and where the ends of justice require. *Hartnett* v. *Plumbers' Supply Association of New England,* 169 Mass. 229, 230. But it is the general policy of the law not to permit extraordinary or prerogative writs successfully to be invoked where other adequate kind of relief is available. *Attorney General* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 194, 199. See *County Commissioners* v. *Mayor of Newburyport,* 252 Mass. 407, 410.

The law makes ample provision for the benefit of a creditor against the property of a debtor which cannot be reached to be attached or taken on execution in an action at law, or which is invested in shares of stock in a corporation, or which has been fraudulently conveyed. G. L. c. 214, § 3 (7), (8), (9).

Without passing upon other questions presented, we think that the petitioner is afforded adequate remedy under other legal and equitable processes and that hence, since the process sought is not a matter of right, leave ought not to be granted in the circumstances here disclosed. *Fall River*

*Iron Works Co.* v. *Old Colony & Fall River Railroad,* 5 Allen, 221, 225. *Attorney General* v. *New York, New Haven & Hartford Railroad, supra,* page 198. In accordance with the terms of the reservation the entry may be,

*Demurrer sustained and petition dismissed.*