RAYMOND M. ADAMS *vs.* SAMUEL D. HANNAH & others.

Barnstable.    June 29, 1927. — October 17, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Quo Warranto. Corporation,* Exercise of nonexistent franchise or privilege.
*Proprietors of Common Lands. Yarmouth Proprietee.*

If all lands held in common by Yarmouth Proprietors were divided about
the year 1740, the proprietorship then came to an end and by reason
of G. L. c. 179, § 16, there can be no resuscitation of the corporate rights
and entity formerly existing under that name.

One having a title to real estate in Barnstable County, which he sought to
register in the Land Court, had a "private right or interest" entitling
him to maintain under G. L. c. 249, § 6, a petition for a writ of *quo
warranto* against an alleged corporation and against individuals who
were asserting, in derogation of his title, titles which they claimed to
have derived from the corporation, where the petitioners sought to
prove that the corporation was a mere pretext and nonexistent, and
that the individual respondents were pretending to exercise the fran-
chise to be a corporation and were claiming to be a corporation without
right and without authority conferred by law.

The petitioner, in the petition above described, could not be held as a mat-
ter of law to have a complete remedy at law, and the court had jurisdic-
tion of the petition; distinguishing *Gardner Trust Co.* v. *Whitehall
Corp.* 260 Mass. 239.

PETITION, filed in the Supreme Judicial Court for the
county of Barnstable on February 17, 1927, and described
in the opinion, against Samuel D. Hannah, Edwin J. Hannah,

Elizabeth Ladenburg, Junia M. Hannah, Junia J. Hannah, Mary Frances Weatherbee and the Yarmouth Proprietee "so called an alleged corporation or association or proprietorship of which the said Samuel D. Hannah purports to be the clerk."

The respondents demurred. The case was reserved by *Crosby*, J., for determination by the full court, as stated in the opinion.

The case was submitted on briefs.

*H. Williams, Jr., & A. V. A. Thomason,* for the petitioner.

*H. A. Ellis,* for the respondents.

RUGG, C.J. This case comes before us on reservation upon the petition and demurrer for determination whether the court has jurisdiction to entertain the petition, "it being agreed that if jurisdiction exists probable cause has been shown and the petition may be filed and the case stand for hearing on the merits."

The allegations of the petition in substance are that the petitioner is the owner of about twenty acres of land in the town of Dennis and has filed a petition in the Land Court for registration of the title thereto; that one Weatherbee has appeared in opposition to that petition and has filed answer thereto; that "in 1638 or 1639 the Plymouth Colony granted certain lands at Matacheeset later called Yarmouth to certain persons who thereupon became the Yarmouth Proprietors and said Yarmouth Proprietors and their descendants continued to hold said lands or a part thereof until on or about 1740 when all said lands held in common as afore said were divided and the said proprietorship came to an end;" that in 1924 one of the respondents procured to be given to himself from divers named persons certain assignments reciting that the assignors were descendants of ancient proprietors of Yarmouth and other towns in the Plymouth Colony and purporting to assign one fourth of the interests or rights owned by each in lands; that the assignee has assigned a one-fifth interest in the land thus acquired to the four other individual respondents except Weatherbee; that these five have gone through the form of being called together as proprietors of lands or other real

estate held in common by warrant of a justice of the peace for electing officers as a corporation under G. L. c. 179 and ascertaining whether they own any property, and have thus elected a clerk and have pretended to act as a corporation under the name of the "Yarmouth Proprietee"; that at a meeting of said pretended corporation it was voted that said original assignee take over from the "Yarmouth Proprietee title to all land, beaches, flats, etc. that may belong to the said proprietee, relieving the said proprietee of further expense and liability in establishing its title to the same by legal action," said original assignee agreeing to pay to the pretended corporation a fixed proportion of all money received by him from the sale of land, beaches, flats and other property; that the defendant Weatherbee has averred in her answer filed in the Land Court in opposition to the registration of the petitioner's title that she has acquired title to the land by deed in 1926 from this pretended corporation; that the defendant Weatherbee and the other individual defendants are representatives of said original assignee without actual interest in the subject matter; that the private right and interest of the petitioner have been injured and put in hazard by the pretended exercise by the respondents of the franchise or privilege thus to be a corporation by putting him to great expense in the registration of his title to his land and to great delay in the development of his property, which may be shortly disposed of by inquiry into the right of the defendants to act as such corporation.

The defendants have demurred on the grounds (1) that the petition does not present a case in which quo warranto lies and (2) that the petitioner has a plain and adequate remedy at law.

The petition is brought under G. L. c. 249, § 6, whereby "A person whose private right or interest has been injured or is put in hazard, by the exercise of a franchise or privilege not conferred by law, by a private corporation or by persons claiming to be a private corporation . . . may apply . . . for leave to file an information in the nature of a quo warranto."

The allegations of the bill are ample to the effect that four of the individual respondents are pretending to exercise the

franchise to be a corporation and are claiming to be a corporation without right and without authority conferred by law.   It is plain that, if all the lands held in common were divided and the proprietorship came to an end in 1740, there can be no resuscitation at this day of the corporation formerly known as Yarmouth Proprietors and of corporate rights and entity formerly existing under that name.   It was expressly provided, at least as early as St. 1790, c. 40, now G. L. c. 179, § 16, that such a corporation should not continue to exist more than ten years after the final division of its common property.  There may be ground for holding that theretofore such corporations became dissolved at an earlier date after ceasing to hold title to property; but it is not necessary to enter upon that inquiry.   It was said in *Proprietors of Monumoi Great Beach* v. *Rogers*, 1 Mass. 159, 164, respecting a corporation such as it is alleged that the defendant claims to be: "This is a species of corporation different from corporations in general; *this* is intended to *die; those* to *live* forever.   I make these observations to show that common law rules, as to corporations in general, do not apply, in all instances, to this kind of corporation."   It is plain from the allegations of the bill that the original corporation must have ceased to exist almost two centuries ago.   The principle that mere nonuser of a franchise does not operate to surrender the charter or extinguish the corporation, *Syrian Antiochean Church* v. *Ghize,* 258 Mass. 74, has no relevancy to the facts alleged in the petition and the law governing such corporate bodies as proprietors of common lands.

The allegations of the petition are sufficient also to bring the case within the jurisdictional limits of the governing statute, in that a private right or interest of the petitioner has been put in hazard or injured by the pretended exercise of the franchise to be a corporation.   The private right of the petitioner is his title to the valuable tract of land described in the petition.   It has been put in hazard by the assertion of some title thereto by such a corporation as the respondent proprietors.   Such a corporation is a more formidable claimant to title than an individual or an ordinary business corporation.   The principles of law governing

its assertions of title and its method of conveyance and the presumptions attaching to its corporate action have been set forth in several of our decisions. It was said by Chief Justice Bigelow in *Gloucester* v. *Gaffney*, 8 Allen, 11, 13, 14, "By ancient usage in this Commonwealth, as well as under the authority of provincial statutes, (*St.* 4 W. & M. *c.* 12, Anc. Chart. 247, 248, and *St.* 12 Anne, *c.* 2, Anc. Chart. 402,) proprietors of common lands had authority to alien their lands by votes; and such votes, when duly proved by record or otherwise, are deemed to be competent and sufficient proof of title and seisin, and, like deeds duly acknowledged and recorded, in the absence of other evidence, they raise a presumption that the proprietors had sufficient seisin of the premises to enable them to convey, and to vest the legal seisin in the grantee. *Springfield* v. *Miller*, 12 Mass. 415. *Green* v. *Putnam*, 8 Cush. 21. *Ward* v. *Fuller*, 15 Pick. 185. Therefore, by the production of the vote passed by the 'commoners of Gloucester,' January 4, 1732–3, the demandants established a title to the estate or common land therein named and described." Other cases where the subject is discussed are *Rogers* v. *Goodwin*, 2 Mass. 475, *Codman* v. *Winslow*, 10 Mass. 146, *Coffin* v. *Lawrence*, 143 Mass. 110, *Proprietors of Jeffries Neck Pasture* v. *Ipswich*, 153 Mass. 42, *Ipswich* v. *Proprietors of Jeffries Neck Pasture*, 218 Mass. 487, but they need not be reviewed after the clear summarization by Chief Justice Bigelow just quoted. We think that no discussion is required to demonstrate that the attempted exercise of corporate powers such as these with respect to title to land is an injury to the rights of the real owner. The actual power capable of being exerted by such a corporation as compared with that of private persons may be a serious usurpation and encroachment which will justify the exercise by the court of the jurisdiction conferred by the statute here invoked. The case at bar comes within the principles declared in *Hartnett* v. *Plumbers' Supply Association of New England*, 169 Mass. 229, 230, where the subject is discussed at large. It is distinguishable from *Goddard* v. *Smithett*, 3 Gray, 116, in the facts to which the principles are applicable.

We are not prepared to say that the petitioner has a complete remedy otherwise than by resorting to the relief here sought.   No one of the respondents except Weatherbee is a party to the petition for registration of the plaintiff's title.   The proceedings in the Land Court on the petition for registration involve different issues from those here pleaded.   The trial there, if the present petitioner should prevail upon the merits of the proceeding at bar, would or well might be vastly simplified over what it might otherwise be.   It can hardly be said in advance that all the rights of the petitioner in the present proceeding can be adequately asserted in the proceeding in the Land Court.   In this respect the case at bar is distinguishable from *Gardner Trust Co.* v. *Whitehall Corp.* 260 Mass. 239.   Moreover, it there was said that the "court will not hesitate liberally to apply this somewhat unusual remedy in cases falling within its terms and where the ends of justice require."   The case at bar falls within that classification.

*Petition may be filed and case stand for hearing on the merits.*