SCHOOL COMMITTEE OF THE CITY OF LOWELL *vs.* MAYOR OF LOWELL & others.

Middlesex. November 16, 27, 1928. — December 11, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*School and School Committee. Mandamus. Statute,* Supersedure.

A "reservation and report" by a single justice of this court of a petition for a writ of mandamus, wherein the judge stated, "I reserve and report the case, upon the petition, the respondents' answer and return, joinder of issue, upon the agreed statement of facts, and upon my findings of fact in accordance with the said agreement, for the determination of the full court," *was stated* by the full court to be informal, but was treated as intended to report questions of law which arose at the hearing of the petition.

A petition by the school committee of a city for a writ of mandamus commanding the city through certain officers to appropriate for the support of the schools in a certain year a sum of money which the petitioners have requested to be appropriated for that purpose, cannot be maintained, since the remedy provided by G. L. c. 71, § 34, although it must be enforced by proceedings in the name of the Commonwealth under G. L. c. 280, § 1, and therefore is not available to the petitioners, is comprehensive and is intended to and does supersede any other remedies which otherwise might be available.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on June 20, 1928, for a writ of mandamus commanding the respondent city of Lowell to raise by taxation and appropriate such a sum of money as the petitioners had determined necessary for the support of the schools in that city; and commanding the respondents the mayor, city council and finance commission of said city to further such appropriation by the exercise of the powers vested in them by law.

The petition was heard by *Crosby,* J., upon an agreed

statement of facts, which the judge found to be true, and material portions of which are stated in the opinion. The case was before the full court upon a "Reservation and Report" by the judge, wherein he stated, "I reserve and report the case, upon the petition, the respondents' answer and return, joinder of issue, upon the agreed statement of facts, and upon my findings of fact in accordance with the said agreement, for the determination of the full court."

*H. Parker*, (*H. P. Downey* with him,) for the petitioners.

*J. P. Donahue*, City Solicitor, (*J. E. O'Donnell* with him,) for the respondents.

Rugg, C.J. The reservation in this case is informal. That has been pointed out in several decisions. We treat it as the parties have treated it, as intended to report to this court questions of law that arose at the hearing. That was all that properly could be reserved or reported. *Scanlon v. Carey*, 207 Mass. 285, 286. *Boucher v. Salem Rebuilding Commission*, 225 Mass. 18, 19. *Salisbury Beach Associates v. Assessors of Salisbury*, 225 Mass. 399, 400. *Duffey v. School Committee of Hopkinton*, 236 Mass. 5, 9. *Soper v. Wheeler*, 239 Mass. 327, 329. *Hunter v. School Committee of Cambridge*, 244 Mass. 296, 297. *Moustakis v. Hellenic Orthodox Society of Salem & Peabody*, 261 Mass. 462. That question of law is whether, upon the pleadings and agreed facts, as matter of law, the writ of mandamus ought to issue.

The material facts as agreed are these: The city of Lowell is governed by Plan B charter, G. L. c. 43, §§ 1–45, both inclusive, §§ 55–63, inclusive, which became effective in Lowell on or about January 1, 1923, and also by St. 1921, c. 383, so far as the same is not inconsistent with Plan B. By St. 1926, c. 297, which took effect on April 30, 1926, there was established a finance commission for the city of Lowell to consist of three persons appointed by the Governor. It there was provided by § 2 that "The various departments and officers of the city shall submit in detail to the commission on its request all requests for appropriations. The commission shall, after investigation, make up in conformity to law the annual and supplementary budgets of said city which

shall be submitted to the mayor in season to be submitted by him to the city council as required by the charter of said city.   The mayor may increase or reduce any item included therein giving his reasons in writing therefor and he shall submit the same to the city council which may reduce but not increase any item included therein."   Pursuant to this section the school committee of Lowell made request for the appropriation needed for the support of public and vocational schools for the year 1928.   This was substantially reduced by the finance commission.   The mayor in submitting his budget to the city council recommended an appropriation in excess of the recommendation of the finance commission but less than the amount requested by the school committee.   The city council voted an appropriation of $1,395,069.85, which was $66,463.75 less than the estimate of the school committee, $49,344.85 in excess of the recommendation of the finance commission, and $43,655.15 less than the recommendation of the mayor.   Request by the school committee for a supplementary appropriation was reported unfavorably by the finance commission and this request was not voted by the city council.   Thereupon the school committee brought this petition against the mayor, the members of the city council, the members of the finance commission, and the city of Lowell, setting out in substance that the petitioners had determined that the original estimate made by them was necessary for the maintenance of public schools in the city for the year 1928 and that the officers of the defendant city have refused to make adequate appropriation as requested, and praying that the writ of mandamus issue to require such appropriation to be made.

The respondents urge that the petitioners cannot maintain this petition for the extraordinary relief afforded by mandamus.   They invoke the principle that where another appropriate and effectual remedy is available to the petitioners the writ of mandamus will not issue.   That principle is well established.   *Daly* v. *Mayor of Medford,* 241 Mass. 336, 339, and cases there cited.   *Gardner Trust Co.* v. *Whitehall Corp.* 260 Mass. 239, 241.   In support of this contention, the respondents rely on G. L. c. 71, § 34, whereby it is pro-

vided that "Towns shall raise by taxation money necessary for the support of public schools as required by this chapter. For refusal or neglect so to do a town shall forfeit to the county an amount equal to twice the highest sum ever before voted for the support of the schools in the town . . . . Three fourths of any forfeiture so recovered shall be paid by the county treasurer to the school committee . . . of the delinquent town, who shall expend it for the support of the schools thereof as if regularly appropriated by the town therefor." The word "town" as used in this section includes city. G. L. c. 4, § 7, Thirty-fourth. The substantial forfeiture thus imposed is to "be prosecuted for and recovered by indictment or complaint or by an action of tort in the name of the Commonwealth . . . ." G. L. c. 280, § 1. *Smith* v. *Look*, 108 Mass. 139. See *Commonwealth* v. *Sheffield*, 11 Cush. 178. It is apparent that the remedy thus provided is not directly available to the petitioners. It is a remedy in the name of the Commonwealth. In its nature it is a penal statute. In substance it has existed continuously from colonial days as one of the means adopted to assure general education of youth. This remedy is dependent either upon complaint or indictment to be enforced by or under the direction of the prosecuting officer according to criminal procedure or upon civil action of tort in the name of the Commonwealth to recover the penalty. These methods of relief are essentially different from provisions of law for the institution, trial and judgment of a petition for a writ of mandamus. *Kelley* v. *Boston & Maine Railroad*, 135 Mass. 448. *Sullivan* v. *Hustis*, 237 Mass. 441, 447, 448. *Arruda* v. *Director General of Railroads*, 251 Mass. 255, 260, 261. It follows that narrowly construed this contention of the defendants cannot be sustained.

There is, however, a slightly different but closely analogous principle which in our opinion is a bar to the maintenance of this petition. That principle is that, where a statute has been enacted seemingly intended to cover the whole subject to which it relates, including a remedy for its infraction, other provisions of the common law, including such as are remedial in nature, are thereby superseded. Many of our

decisions illustrate the application of that principle. *Doyle* v. *Kirby*, 184 Mass. 409, 411. *Attorney General* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 194, 198. *Thayer* v. *Kitchen*, 200 Mass. 382, 386. *Warr* v. *Collector of Taxes of Taunton*, 234 Mass. 279, 282. *Commonwealth* v. *Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 244, 250. *Boston* v. *Edison Electric Illuminating Co.* 242 Mass. 305, 311. *Cosmopolitan Trust Co.* v. *Suffolk Knitting Mills*, 247 Mass. 530, 533, 534. *Norcross* v. *Board of Appeal*, 255 Mass. 177, 182. *Godfrey* v. *Building Commissioner of Boston*, 263 Mass. 589, 592. *Gurney Heater Manuf. Co.* v. *New York, New Haven & Hartford Railroad*, 264 Mass. 427, 430. As already pointed out, the petitioners as members of the school committee of Lowell have no right to institute in their own names the statutory remedy provided by G. L. c. 71, § 34. They can present the facts to the appropriate prosecuting officer and urge him to act. They have no private interest in the subject matter of the grievances here alleged. That subject matter is one of great public interest. The duty which the petitioners seek to have enforced is wholly the creature of statute. It does not exist at common law. The same statute, which creates the duty, provides the remedy for breach of that duty. The Legislature has made drastic provision for violation of the duty imposed by G. L. c. 71, § 34, and has imposed responsibility for its enforcement upon the law officers of the Commonwealth. It is to be presumed that such officers will be impartial in determining whether just cause exists for resorting to that remedy, and vigilant in protecting the public welfare by enforcing it in proper cases. At all events, it is a comprehensive remedy established by the Legislature in place of whatever relief might otherwise be available. Decisions like *Brewster* v. *Sherman*, 195 Mass. 222, 225, and *Brooks* v. *Secretary of the Commonwealth*, 257 Mass. 91, 93, do not help the petitioners in the circumstances here disclosed.

Therefore it becomes unnecessary to determine whether on this record facts enough appear to show that the estimates for the appropriation for schools demanded by the peti-

tioners covered items of expenditure as to which, in whole or in part, the decision of the school committee was final and conclusive, or whether they covered items of expenditure as to which, in whole or in part, the appropriating body had the final decision. It is also unnecessary to decide whether, as to certain items, the decision of the school committee may be final, and, as to others, advisory only. See *Cushing* v. *Newburyport,* 10 Met. 508; *Flood* v. *Hodges,* 231 Mass. 252; *Leonard* v. *School Committee of Springfield,* 241 Mass. 325; *Averill* v. *Newburyport,* 241 Mass. 333; *Decatur* v. *Auditor of Peabody,* 251 Mass. 82; *Parkhurst* v. *Revere,* 263 Mass. 364.

*Petition dismissed.*