ELLEN LEIGH & another *vs.* COMMISSIONER OF PUBLIC
HEALTH AND CHARITIES OF LAWRENCE & others.

Essex.   November 6, 1941. — November 25, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Old Age Assistance.   Public Welfare.   Mandamus.*

Mandamus did not lie to compel certain public officials to continue the
furnishing of old age assistance to the petitioner in 1941 after he had
acquired over $1,600 in cash and his application for continued assist-
ance had been refused by the respondents.

PETITION for a writ of mandamus, filed in the Superior
Court on July 11, 1941.

Demurrers were sustained by *Beaudreau,* J.   The peti-
tioners appealed.

*H. Lord,* for the petitioners.

*J. P. Kane,* City Solicitor, for the respondents Commis-
sioner of Public Health and Charities and another, sub-
mitted a brief.

*R. T. Bushnell,* Attorney General, & *R. Clapp,* Assistant
Attorney General, for the respondents State Supervisor of
Appeals for Old Age Assistance and another, submitted a
brief.

RONAN, J.   The petitioners in this petition for mandamus
allege that prior to April 10, 1941, they were receiving old
age assistance from the city of Lawrence, but that, having
sold their real estate for a sum which netted them $1,645.29,
they were refused further payments by the respondent Kee-
gan, supervisor of old age assistance of Lawrence, and that
her decision was affirmed on appeal to Rotch, State com-
missioner of public welfare, and Lipp, "State supervisor of
appeals for old age assistance."   The last six paragraphs of
the petition having been waived in the Superior Court, it
does not seem that any case was set forth against the re-
spondent Shine, commissioner of public health and chari-
ties of Lawrence.   The petitioners appeal from an order
sustaining the demurrers of all the respondents.

An applicant for old age assistance who is denied relief by the local authorities has a right to appeal to the department of public welfare of the Commonwealth, and although the "decision of the department shall be final and binding upon the local board or bureau," G. L. (Ter. Ed.) c. 118A, § 3, as appearing in St. 1939, c. 481, we assume in favor of the petitioners that they have a remedy to determine the validity of the decision of the department denying their application. We also assume, without deciding, that the case is properly here on appeal. *Codman* v. *Assessors of Westwood,* 309 Mass. 433.

This petition is not brought to enforce a public right and to compel the performance of a public duty by a public officer, not due to the government as such, and where no other remedy is open, *Brewster* v. *Sherman,* 195 Mass. 222; *Brooks* v. *Secretary of the Commonwealth,* 257 Mass. 91; *Tuckerman* v. *Moynihan,* 282 Mass. 562; *Prescott* v. *Secretary of the Commonwealth,* 299 Mass. 191, but seeks to vindicate a private right or interest which the respondents, it is alleged, were bound to recognize by making the payments which, the petitioners contend, they were required to make in compliance with the statutes. *Jaffarian* v. *Mayor of Somerville,* 275 Mass. 264. *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111. *Turner* v. *Board of Appeals of Milton,* 305 Mass. 189.

The respondents, however, have not refused to act upon the application of the petitioners. They have decided that the petitioners were not entitled to further payments. It is not the function of a writ of mandamus to require public officers to make a particular decision on a matter within their discretion, *French* v. *Jones,* 191 Mass. 522; *McLean* v. *Mayor of Holyoke,* 216 Mass. 62; *Eastern Massachusetts Street Railway* v. *Mayor of Fall River,* 308 Mass. 232, and we have no right to substitute our judgment for that of the official upon whom the Legislature has imposed the duty of making a decision. *Morley* v. *Police Commissioner of Boston,* 261 Mass. 269. *Downey* v. *School Committee of Lowell,* 305 Mass. 329. *Gibney* v. *Mayor of Fall River,* 306 Mass. 561.

What the petitioners in effect seek is an order compelling the continuance of payments to them. Their sole right and interest are derived from G. L. (Ter. Ed.) c. 118A, § 1, as appearing in St. 1936, c. 436, § 1, and amended by Sts. 1937, c. 440, § 1; 1938, c. 274, which, in so far as material, provides that "Adequate assistance to deserving citizens in need of relief and support sixty-five years of age or over . . . shall be granted under the supervision of the department of public welfare." The statute is to be reasonably construed to accomplish its beneficent purpose. It does not require one to be destitute before he can become eligible for relief. The contrary is true. The ownership of an equity in real estate where he resides does not disqualify a citizen from needed assistance if its value is not in excess of $3,000 or, if there is such an excess, if he gives a bond at least in the amount of the excess secured by a mortgage to reimburse the town for all payments. G. L. (Ter. Ed.) c. 118A, § 4, as appearing in St. 1938, c. 467. The ownership of certain life insurance policies does not render him ineligible for relief. G. L. (Ter. Ed.) c. 118A, § 5, as appearing in St. 1938, c. 408. The statute, however, does not designate the amount of cash owned by an applicant that will prevent him from obtaining relief. The department of public welfare, purporting to act under G. L. (Ter. Ed.) c. 118A, § 10, as appearing in St. 1936, c. 436, § 1, has promulgated a rule to the effect that it will approve the granting of assistance to an applicant who has funds amounting to not over $300. The petitioners challenge the validity of this rule, but even if, as we do not intimate, the rule is invalid, the petitioners would not be entitled to prevail. The only question we are called upon to decide is whether the petitioners, having over $1,600, bring themselves within the description of those who are entitled to relief under the statute. It is plain that the allegations of the petition negative the existence of any actual need for assistance or any present necessity for support. *Soper* v. *Wheeler*, 239 Mass. 327.

*Orders sustaining demurrers affirmed.*
*Petition dismissed.*