Lauriat, Peter M., J.
In this latest in an increasingly long line of similar cases, plaintiff Paul Masiello (“Masiello”) claims on behalf of himself and others similarly situated,[1] that defendant Marriot International Inc. (“Marriott”) failed to distribute certain fees in violation of the Commonwealth’s tip distribution statute, G.L.c. 149, §152A (the “Tips Act” or “Act”). Now before the court is Marriott’s motion for summary judgment on all counts of the complaint. For the following reasons, Marriott’s motion is allowed.
BACKGROUND
The record before the court reveals the following facts, which are undisputed. Since 1997, Masiello has been employed as a room service server at the Copley Marriot Hotel in Boston. In that capacity, he serves food and beverages as well as other amenities, to guest rooms (“room service”) as well as food and beverages to catered events held in guest rooms or hospitality suites (“hospitality suites”).
With respect to regular room service, Marriott collects an 18% “service charge” on the price of food and beverages which is distributed to room servers, and a flat $4.00 delivery fee that is retained by the hotel. These are itemized and listed separately at the bottom of both the door knob menu and the room service menu, and are reflected separately in the room service bill.[2] JA, Ex. 7, 8, 9. Sometime in 2006, Marriott added language to its room service menus that explicitly states: “Prices are subject to 5% sales tax, 18% service charge (distributed to your server) and $4.00 delivery charge (which is not a tip or gratuity for any employee).” As to items that do not generate a service charge, such as utensils, glasses, condiments, or com-plimentaiy amenities, Marriott charges an additional flat fee, known as a “charge tip,” of either $4.00 or $6.00, depending on the items.[3] All charge tips are distributed to the room server who delivers the item or items.
With respect to the hospitality suites, Marriott offered the option of having a bar attended by a bartender, a carving station or other culinary stations for which it charged and retained a flat “station fee.” The station fee was listed as a fixed, flat fee on the Banquet Event Order (“BEO’j; service charges were listed separately from the station fee. In 2006, Marriott added disclaimer language similar to that on its room service menus to the effect that station fees did not represent gratuities for employees.[4]
The plaintiff filed this action on September 10, 2010, alleging in Count II a violation of G.L.c. 149, §152A, in Count III a violation of G.L.c. 149, §148, in Count IV money had and received, in Count v. restitution, in Count VI breach of contract, and in Count VII statutory and equitable accounting. Count I of the complaint seeks a declaratory judgment to the effect *279 that his common-law claims do not duplicate his statutory claim under the Tips Act. Marriott has now moved for summary judgment on all claims.
DISCUSSION
Summary judgment will be granted where, viewing the evidence in the light most favorable to the non-moving party, all material facts have been established and the moving party is entitled to judgment as a matter of law. Cabot Corp. v. AVX Corp., 448 Mass. 629, 636-37 (2007); Mass.R.Civ.P. 56(c). “The moving party must establish that there are no genuine issues of material fact, and that the nonmoving party has no reasonable expectation of proving an essential element of its case.” Miller v. Mooney, 431 Mass. 57, 60 (2000). See also Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “Conclusoiy statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment.” Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n, 399 Mass. 886, 890 (1987).
The Tips Act was first enacted in 1952, amended in 1983, and amended again effective September 8, 2004. Because there is no contention that the 1983 version of the act governs the outcome of this dispute, the court’s analysis will address only the Act as amended in 2004. “Service charge” is defined in the 2004 version to include “any fee designated as a service charge, tip or gratuity, or a fee that a patron or other consumer would reasonably expect to be given to a wait staff employee, service employee, or service bartender in lieu of, or in addition to, a tip.” G.L.c. 149, §152A(a). Section 152A(d), also known as the safe harbor provision, see Bednark v. Catania Hospitality Group, Inc., 78 Mass.App.Ct. 806, 808 n.8 (2011), reads as follows:
Nothing in this section shall prohibit an employer from imposing on a patron any house or administrative fee in addition to or instead of a service charge or tip, if the employer provides a designation or written description of that house or administrative fee, which informs the patron that the fee does not represent a tip or service charge for wait staff employees, service employees, or service bartenders.
The gist of the plaintiffs argument is that a patron would reasonably expect that “delivery fee" or a “station fee” are in the nature of a gratuity to be remitted to the wait staff. At the very least, he contends, the terms engender sufficient confusion to require a factual inquiry. The court does not agree.
At the bottom of the sample door knob menu is the statement “[a]n 18% service charge, appropriate tax and a $3.00 trip charge will be added to your check.” In like manner, the sample room service menu states: “[a]n 18% service charge, $4.00 delivery charge and appropriate sales tax will be added to your check.” The sample bill adds to the sub-total an “18% RS SVC CHG.”[5] Quite clearly a patron would reasonably expect that a fee designated as a “service charge” is a gratuity to be remitted to service employees. See, e.g., DiFiore v. American Airlines, Inc., 454 Mass. 486, 494 (2009). See also Cooney v. Compass Group, 69 Mass.App.Ct. 632, 637 (2007) (“service charge” on an invoice for food or beverage service is the functional equivalent of a tip or gratuity).
The room service menus in the record do not contain any disclaimer language similar to that with respect to station fees, see n.5, supra. Nonetheless, the court is hard pressed to conclude that, where a service charge and a delivery fee are separately itemized and listed, any patron would reasonably expect that the “delivery charge” (or “trip charge”) was an additional gratuity.[6] This is especially so where the service charge is designated as a percentage and the delivery fee as flat. The Attorney General, charged with administering the Tips Act, has stated that, with respect to an additional fee that may be retained at the employer’s discretion, “(i]t must be evident to customers that this fee is not a gratuity, tip or service charge.” Advisory 2004/3. The court concludes that, on the facts of this case, it would be clear to patrons that the delivery fee is not a service charge.[7] Hence there is no violation of the Tips Act.
Masiello seeks declaratory relief as well as recovery on a variety of common-law claims. Marriott argues that these claims are duplicative of Masiello’s statutory claim and must therefore be dismissed. “Where a statute has been enacted seemingly intended to cover the whole subject to which it relates, including a remedy for its infraction, other provisions of the common law, including such as are remedial in nature, are thereby superseded.” School Comm. of Lowell v. Mayor, 265 Mass. 353, 356 (1928). See also Mello v. Stop & Shop Cos., 402 Mass. 555, 557 (1988); King v. Driscoll, 418 Mass. 576, 584 n.7 (1994). Otherwise put, Masiello’s common-law claims rise or fall on his Tips Act claim. Where that fails, so too must his cOmmon-law claims.
CONCLUSION
For the forgoing reasons, Defendant Marriott International, Inc.’s Motion for Summary Judgment is ALLOWED.

No class certification proceedings have occurred; the court will therefore refer to the plaintiff in the singular.

The delivery fee is listed as both a “delivery charge” and a “trip charge”; the samples in the record reflect fees of $3.00 and $4.00.

For those items that are complimentary, Marriott charges the hotel internally rather than imposing the charge tip on the guest.

Marriott also charged and retained a flat “administrative fee" for hospitality suites. The plaintiffs complaint asserts that this administrative fee was the equivalent to a service charge to be distributed to wait staff under the Tips Act. At the summary judgment hearing held on April 6, 2011, how *280 ever, the plaintiffs counsel represented to the court that he had abandoned this argument.

To the extent that the plaintiff argues that the station fee should be considered a service fee, that argument is foreclosed where both the sample BEO and the sample hospitality menu included in the record contain the following disclaimer language: ‘TAXABLE ATTENDANT FEE: Fees for Station Attendants, Carvers, and Bartenders do not represent a tip, gratuity, or service charge for wait staff employees, bartenders or other service employees engaged in the event.” The Marriott represents that this language was added in 2006. However, neither party has provided a sample BEO or hospitality suite menu for any previous year. Had the plaintiff wished to present evidence that the Marriott did not include such a disclaimer prior to 2006, he could have done so. The court will consider only those documents contained in the record.

The Massachusetts Appeals Court’s decision in Bednark v. Catania Hospitality Group, 78 Mass.App.Ct. 806 (2011), does not compel a different result. There, the court held that a charge designated an “administrative fee,” without more, was not sufficient to bring the fee within the safe harbor provision of the Tips Act. Id. at 816. In that case, however, there was no separate service charge listed and itemized.

To the extent that the plaintiff argues confusion on the part of patrons, he has presented no evidence to support that contention.